*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0223p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

LUIS ALBERTO HERNANDEZ-FIERROS,

        *Defendant-Appellant.*

No. 05-2206

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 05-00091—David W. McKeague, District Judge.

Argued: June 15, 2006

Decided and Filed: July 3, 2006

Before: KENNEDY and COLE, Circuit Judges; VARLAN, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Kenneth P. Tableman, Grand Rapids, Michigan, for Appellant. Hagen W. Frank, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Kenneth P. Tableman, Grand Rapids, Michigan, for Appellant. Hagen W. Frank, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

KENNEDY, Circuit Judge. Luis Alberto Hernanez-Fierros ("defendant"), a citizen of Mexico, pled guilty to an indictment accusing him of being an alien who was knowingly and voluntarily in the United States after having been previously removed subsequent to a conviction for an aggravated felony punishable under the Controlled Substances Act, pursuant to 8 U.S.C.

---

[*] The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

§ 1326(a) and (b)(2).[1]  Defendant appeals the reasonableness of his sentence, and, for the following reasons, we find his sentence reasonable.

### BACKGROUND

At defendant's sentencing hearing, the district court calculated defendant's offense level as 17 and determined that his criminal history placed him in criminal history category III.  The 2004 version of the UNITED STATES SENTENCING GUIDELINES MANUAL ("Guidelines") suggested a range of 30 to 37 months' imprisonment.

Defendant made two arguments in the district court related to his sentence.  First, defendant argued that the fast-track sentencing procedures[2] that exist in certain districts for illegal reentry cases, which, in those districts, could have resulted in a four-level downward departure, should be applied in his case.  Defendant also argued that under an advisory Guidelines regime, he should be sentenced below the Guidelines range in order to avoid sentencing disparity, a factor to be considered under 18 U.S.C. § 3553(a)(6).

The district court rejected both arguments, and sentenced defendant to 30 months' imprisonment, three years of supervised release, and a $100 special assessment.  In imposing sentence, the district court expressed its concern:

> that this is the defendant's third illegal reentry – his prior conviction was for cocaine, crack cocaine, and methamphetamine – and that he reentered so rapidly after his prior conviction and while he was still on probation.  Obviously, he does not have

---

[1] At his plea colloquy, defendant testified that he had previously been deported after being convicted of selling cocaine in Arizona.  The presentence report indicates that defendant first illegally entered the United States in March of 2004 and that he was deported on or around April 5, 2004.   He reentered the United States on May 1, 2004, was arrested in Arizona on August, 17, 2004, and pled guilty to possessing narcotics drugs with the intent to sell on September 27, 2004.  He was deported from this country on December 20, 2004, after serving four months in prison.  Defendant testified that he returned to the United States in March of 2005 for a third time to work on a construction job in Detroit.  He was detained after a traffic stop in Michigan.

[2] The Eighth Circuit concisely summarized the history of the fast track procedure:

> In 2003, Congress directed the Sentencing Commission to promulgate a policy statement "authorizing a downward departure of not more than 4 levels if the Government files a motion for such departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney." Prosecutorial Remedies and Other Tools Against the Exploitation of Children Today ("PROTECT") Act, Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003).  The directive apparently was motivated by the large volume of immigration cases presented for prosecution in certain judicial districts, and the perceived need for an administrative mechanism to permit more efficient processing of these cases. *See* 149 Cong. Rec. H2405, 2421 (daily ed.  Mar. 27, 2003) (commentary to an amendment offered by Rep. Feeney).  The Commission followed the congressional directive by adopting USSG § 5K3.1, concerning "Early Disposition Programs," which provides that "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program" authorized by the Attorney General and the United States Attorney for the district.  Since then, the Attorney General has authorized such programs in several districts along the southwest and western borders of the United States, as well as in Nebraska and North Dakota . . . .

*United States v. Sebastian*, 436 F.3d 913, 915-16 (8th Cir. 2006).  As of the date of defendant's sentence, the Attorney General had not authorized a fast-track program for the Western District of Michigan.

any respect for the laws of this country, and it appears as if the defendant does – or the public does need to be protected from this particular defendant.[3]

The district court also weighed any arguable disparity that might occur if defendant was sentenced under the Guidelines in a fast-track district and determined that the need to punish defendant and protect the public from defendant outweighed any concern about sentencing disparity in this case.

Defendant appeals the reasonableness of his sentence. He argues that the sentence "fails to reasonably satisfy the purposes of sentencing." In so arguing, he claims that the Guidelines range "has little to support it," *id*. at 10, and that the Guidelines range is unreasonable, mainly due to the fact that § 2L1.2 double counts his prior conviction in both the offense level and the criminal history calculations. Second, defendant argues that the district court should have sentenced him below the Guidelines range to avoid disparate sentences with defendants from those districts that employ fast-track programs.[4]

## ANALYSIS

The Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), made the Guidelines advisory. This circuit has held that a sentence that falls within the advisory Guidelines range is given "a rebuttable presumption of reasonableness." *United States v. Williams,* 436 F.3d 706, 708 (6th Cir. 2006). "This rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). One of those obligations is the obligation to consider the factors listed in 18 U.S.C. § 3553(a)[5] in arriving at an appropriate

---

[3] The district court mentions that this illegal reentry is defendant's third illegal reentry, which could be read to mean that the district court believed that defendant illegally entered the United States four separate times. The record establishes that defendant has illegally entered the United States three times including the instant offense. Defendant does not raise any arguments related to this apparent minor discrepancy, therefore, other than to note it, we decline to address it.

[4] At oral argument, counsel for the defendant also couched this reasonableness argument in terms of it being a violation of the Equal Protection Clause of the United States Constitution. He argued that the existence of the fast-track procedures in certain districts that apparently do not have large numbers of illegal immigrants puts defendants in similar districts without fast-track programs at an unconstitutional disadvantage due to the heightened sentences that those defendants receive based merely on where they are arrested.

Defendant's brief does not mention the Equal Protection Clause, nor does he cite to any cases that rely on the Equal Protection Clause. Furthermore, the record in the district court was not developed on this point so there was no ruling for us to review. No evidence as to why certain districts have fast-track programs and others do not was presented or discussed, nor was there evidence that it was applied to defendants with prior records similar to defendant's. Finally, the government has not had the opportunity to brief this issue. As such, because there was no evidence presented nor were any arguments developed, we decline to rule on this new aspect of defendant's arguments. *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). *See also Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005) ("[Plaintiff's] failure to raise an argument in his appellate brief constitutes a waiver of the argument on appeal.").

[5] 18 U.S.C. § 3553(a) reads as follows:

**Factors to be considered in imposing a sentence.** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
    **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
    **(2)** the need for the sentence imposed--
        **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to

sentence. *See Williams*, 436 F.3d at 708. These tests have been described as the procedural requirements of reasonableness review. *See United States v. Buchanan*, 449 F.3d 731, 738 (6th Cir. 2006) (Sutton, J., concurring). A district court "need not recite these [§ 3553(a)] factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby,* 418 F.3d 621, 626 (6th Cir. 2005). *See also United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006) ("*Williams* does not mean that a Guidelines sentence will be found reasonable in the absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors."). This court does not require "explicit reference to the § 3553(a) factors in the imposition of identical alternative sentences." *United States v. Till*, 434 F.3d 880, 886 (6th Cir. 2006).

In this case, defendant argues that the Guidelines themselves are unreasonable. Defendant contends that the Guidelines are unreasonable mainly because § 2L1.2 double counts his prior conviction. Under § 2L1.2(b)(1)(B), 12 levels were added to defendant's base offense level of eight because he was previously deported after "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." *Id*. That previous conviction also added two points to his criminal history score. Application Note 6 to § 2L1.2, however, indicates that "[a] conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points." *Id*. Thus, the Sentencing Commission obviously considered arguments on whether a previous conviction should count in both the offense level calculation and in the criminal history calculation for this Guideline, and it determined that double counting should be allowed for this Guideline to reflect the true seriousness of the crime, to provide the necessary deterrent effect, or both. This court gives "Application Notes to the Sentencing Guidelines . . . controlling weight." *United States v. Jarman*, 144 F.3d 912, 914 (6th Cir. 1998) (citing *United States v. Lewis*, 68 F.3d 987, 989 (6th Cir. 1995)). Because this court gives Application Notes controlling weight, and because the Application Note 6 explicitly allows for double counting under this Guideline, defendant's primary rationale for why this Guideline is unreasonable is not persuasive.

In addition, defendant's argument on this point is of limited utility because the Guidelines are now advisory. They are but one factor district courts must consider in determining an appropriate sentence. *See Booker*, 543 U.S. at 259-60. As such, the district court could have rejected the recommended Guidelines range based on defendant's arguments. Defendant made the same arguments to the district court and the district court determined that a sentence within the Guidelines range was appropriate in this case. Nothing in the record or in the arguments made by defendant in this court should cause this court to question the district court's analysis or conclusion.

---

provide just punishment for the offense;
    **(B)** to afford adequate deterrence to criminal conduct;
    **(C)** to protect the public from further crimes of the defendant; and
    **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
**(3)** the kinds of sentences available;
**(4)** the kinds of sentence and the sentencing range established for--
    **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
    . . .
**(5)** any pertinent policy statement--
. . .
**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
**(7)** the need to provide restitution to any victims of the offense.

As noted, defendant also argues that the need to avoid disparate sentences, pursuant to 18 U.S.C. § 3553(a)(6), requires a below-Guidelines sentence in this case due to the existence of fast-track programs in several districts around the country. Defendant's claim has been rejected by several other circuits. These circuits have held that sentencing disparity is but one factor district courts must consider in determining an appropriate sentence. *See United States v. Martinez-Martinez*, 442 F.3d 539, 543 (7th Cir. 2006) (holding that any disparity between the defendant's sentence and sentences imposed in fast-track districts "was considered appropriately as a single, and not controlling, factor"); *Sebastian*, 436 F.3d at 916 ("The district court in this case, after considering all of the factors in § 3553(a), concluded that a sentence of 46 months was appropriate, and we do not think the sentence disparities arising from fast-track programs makes this sentence unreasonable . . . ."); *United States v. Morales-Chaires*, 430 F.3d 1124, 1131 (10th Cir. 2005) ("Section 3553(a)(6)'s directive to sentencing courts to avoid 'unwarranted sentencing disparities among defendant [sic] with similar records who have been found guilty of similar conduct' is but one of several factors for a court to consider in determining a reasonable sentence.").[6] The rationale of this court's sister circuits is persuasive. Under 18 U.S.C. § 3553(a), the need to avoid sentencing disparity is only one of the factors that a district court should consider in determining an appropriate sentence.

Further, since the Attorney General and the United States Attorney for the district have determined that the departure is necessary for a particular district to function effectively, the reason for the different sentences is explained and is not based on treating individual defendants disparately because of their individual differences. Sentencing disparities can exist for many valid reasons, including giving lower sentences to individuals that cooperate with investigations and giving higher sentences to individuals for whom the Guidelines do not adequately account for their criminal history. In this case, fast-track guidelines reductions were specifically authorized by statute due to the unique and pressing problems related to immigration in certain districts. As a result, such a disparity does not run counter to § 3553(a)'s instruction to avoid unnecessary sentencing disparities.

Finally, in this case, the district court appropriately weighed the need to avoid sentencing disparities in fashioning an appropriate sentence. The district court balanced the need to avoid sentencing disparities with those sentences in fast-track districts with the need, in this case, to protect the public and impress upon defendant and others the importance of obeying the laws of the United States. In so balancing the 18 U.S.C. § 3553(a) factors, the court appropriately addressed defendant's sentencing disparity concerns.

Finally, defendant has not raised any other argument that would cause this court to question whether the district court failed to appropriately consider the sentencing factors pursuant to 18 U.S.C. § 3553(a), nor has defendant put forth any argument as to why the presumption created by the district court's sentence within the Guidelines range should not apply in this case. *See Williams,* 437 F.3d at 708. We conclude that defendant's sentence is reasonable.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** defendant's sentence.

---

[6]The Sixth Circuit agreed with the logic of these other circuits in an unpublished case. *See United States v. Hernandez-Cervantes*, 161 Fed. Appx. 508, 512 (6th Cir. 2005) ("These disparities therefore do not violate § 3553(a)(6) and the district court did not err by refusing Hernandez-Cervantes' fast-tracking argument.")