**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0872n.06
Filed: December 4, 2006

**Case No. 05-5483**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JOSE ARMANDO CONTRERAS-ARMENDARIZ, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

**BEFORE: BATCHELDER, GIBBONS, and COOK, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Defendant-Appellant, Jose Armando Contreras-Armendariz ("Contreras"), appeals his conviction and the 30-month prison sentence imposed following his plea of guilty to illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326. Because we conclude that Contreras's guilty plea was knowing and voluntary, his claim of disparity in sentencing is meritless, his sentence is reasonable, and we lack jurisdiction over his claim that the district court should have departed downward in sentencing him, we affirm both the conviction and the sentence.

Contreras, a 42 year-old citizen of Mexico, has lived in the United States most of his life, but never became a U.S. citizen. After a 1989 conviction for burglary of a vehicle in Texas, Contreras was deported to Mexico. On or about August 5, 2004, Contreras was found in Kentucky, having

reentered the United States without the consent of the Attorney General. Contreras pleaded guilty to a one count indictment charging him with illegal reentry after having been deported subsequent to a conviction for commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The court explained and Contreras acknowledged that he understood he would be waiving his constitutional and statutory rights if he pleaded guilty, and that he understood the charges against him and had discussed them with counsel. The court explained to Contreras how his sentence would be determined and emphasized that once he pleaded guilty, he could not withdraw his plea if he did not agree with his sentence, or if his counsel's prediction or calculation regarding the applicable guideline range turned out to be mistaken. Contreras acknowledged his understanding of this, and pleaded guilty to the charge in the indictment.

The presentence report found an advisory guideline offense level of 13 and a criminal history category of V. This criminal history calculation was based upon Contreras's having illegally reentered the United States while on parole, and his prior convictions for burglary of a vehicle, indecent exposure, indecency with a child, and theft by unlawful taking. Accordingly, the presentence report set Contreras's recommended sentencing range under the Guidelines at 30 to 37 months' imprisonment. Neither party objected to the presentence report.

Contreras was sentenced about one month after the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005). At the sentencing hearing, Contreras sought a downward departure from the advisory Guideline range on four grounds: (1) defense counsel had erroneously estimated that his criminal history would be category IV, instead of V; (2) his criminal history was overstated; (3) he would have been eligible for "fast track" sentencing deductions had he been prosecuted in other districts; and (4) he had promised not to contest his deportation. After

considering the offense of conviction, Contreras's prior offenses, defense counsel's arguments, and the sentencing factors enumerated in 18 U.S.C. § 3553(a), the district court sentenced Contreras to 30 months in prison, followed by three years' supervised release. Contreras timely appealed.

## ANALYSIS

Contreras challenges his conviction, claiming that his guilty plea was not knowing and voluntary because at the time he entered his plea, he believed that he would fall within a criminal history category IV, instead of the category V under which he was sentenced. We review de novo the ultimate question of whether a plea was knowing and voluntary. *United States v. Walker*, 160 F.3d 1078, 1096 (6th Cir. 1998).

Contreras does not claim that the district court failed to comply with the requirements of Fed. Rule Cr. Pro. 11 in taking the guilty plea, and he concedes that at his plea hearing, the court reviewed the rights that Contreras was waiving, the factual and legal nature of the offenses with which he was charged, and the potential sentences he faced as a result of the guilty plea. He also concedes that, although he entered the guilty plea mistakenly believing that he would face a criminal history category IV, he has no factual basis upon which to dispute the probation officer's final calculation. The court determined that Contreras was competent to understand the plea, he was not under the influence of drugs or alcohol, and he understood the charges and evidence against him. The record reflects that Contreras had a full understanding of the direct consequences of his plea, including the fact that he could not withdraw that plea in the event that his counsel's predictions regarding the applicable guidelines range were incorrect, and that his plea represented a voluntary and intelligent choice among the alternatives he faced. The claim that his plea was not knowing and voluntary is wholly without merit.

3

Contreras argues that his sentence is unreasonable because his ineligibility for sentencing under fast track programs – available in certain jurisdictions, but not Kentucky – created an unreasonable disparity in sentencing in violation of 18 U.S.C. § 3553(a)(6), and because the district court refused to depart downward from the applicable sentencing guideline range.

We review for reasonableness a sentence imposed by the district court post- *Booker*. *United States v. Cage*, 458 F.3d 537, 540 (6th Cir. 2006). Under our precedents, a sentence that falls within the advisory Guidelines range carries a rebuttable presumption of reasonableness, *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), but "the district court must still provide sufficient evidence of its consideration of the relevant § 3553 factors to allow for a reasonable appellate review." *Cage*, 458 F.3d at 541. "A sentence is unreasonable if the sentencing court fails to consider the applicable Guideline range or neglects the factors articulated in 18 U.S.C. § 3553(a)." *Id.* at 540.

At sentencing, Contreras asked the court to consider the fact that were he in certain other federal districts, he might be eligible for a "fast track" deduction of offense levels. So-called fast-track sentencing arose in border areas with large illegal immigration caseloads. Prosecutors sought to clear their dockets through either charge-bargaining or agreements to move for downward departures in return for defendants' agreements not to file pretrial motions or contest issues. *See United States v. Hernandez-Cervantes*, 161 Fed.Appx. 508 (6th Cir. Dec. 23, 2005) (unpublished). Congress subsequently approved and set standards for this "fast-tracking" process in the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub.L. 108-21, 117 Stat. 650, which required the United States Sentencing Commission to "promulgate . . . a policy statement authorizing a downward departure of not more

than 4 levels if the Government files a motion for such departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney." PROTECT Act, § 401(m)(2)(b), 117 Stat. 675 ("PROTECT Act provision"). The Sentencing Commission responded by promulgating a new Guideline authorizing a four-level reduction. U.S.S.G. § 5K3.1.

Only certain districts employ the fast-track process, and Kentucky is not one of them. The sentencing court considered defense counsel's argument that the fast-track policy created disparate sentences among similar defendants and that Contreras therefore should be sentenced as if Kentucky participated in the fast-track program in order to avoid "unwarranted sentence disparities." The court declined to reduce Contreras's sentence under this theory, stating "I'm not persuaded by [defense counsel's] argument on the fast track."

As one of the factors to be considered in sentencing, 18 U.S.C. § 3553(a)(6) provides: "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Here, Contreras argues that a sentencing court has not only the authority, but the obligation under § 3553(a)(6) to eliminate the sentencing disparities that result from fast-track programs. This Circuit has considered and rejected this argument.

In *United States v. Hernandez-Fierros*, 453 F.3d 309 (6th Cir. 2006), the defendant argued that the district court should have sentenced him below the Guidelines range in order to avoid imposing a sentence disparate from those imposed in districts with fast-track sentencing programs. *Id*. at 311. We disagreed, and joined several other circuits in holding that any disparity created by the fast-track program "does not run counter to 3553(a)'s instruction to avoid unnecessary sentencing disparities." *Id*. at 314. *See also*, *United States v. Martinez-Martinez*, 442 F.3d 539, 543 (7th Cir. 2006) (holding that any disparity between the defendant's sentence and sentences imposed in

fast-track districts "was considered appropriately as a single, and not controlling, factor"); *United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir. 2006) ("The district court in this case, after considering all of the factors in § 3553(a), concluded that a sentence of 46 months was appropriate, and we do not think the sentence disparities arising from fast-track programs makes [sic] this sentence unreasonable . . . ."); *United States v. Morales-Chaires*, 430 F.3d 1124, 1131 (10th Cir. 2005) ("Section 3553(a)(6)'s directive to sentencing courts to avoid 'unwarranted sentencing disparities among defendant [sic] with similar records who have been found guilty of similar conduct' is but one of several factors for a court to consider in determining a reasonable sentence.").

In *Hernandez-Fierros*, we noted that "[u]nder 18 U.S.C. § 3553(a), the need to avoid sentencing disparity is only one of the factors that a district court should consider in determining an appropriate sentence." *Hernandez-Fierros*, 453 F.3d at 313. We also explained that "[s]entencing disparities can exist for many valid reasons, . . . . [and that] fast-track guidelines reductions were specifically authorized by statute due to the unique and pressing problems related to immigration in certain districts." *Id*. Moreover, as we stated in *United States v. Hernandez-Cervantes*, 161 Fed.Appx. 508 (6th Cir. Dec. 23, 2005) (unpublished), "Congress determined, based on sound principles of judicial economy, that geographic sentencing disparities due to fast-tracking are not 'unwarranted.' These disparities therefore do not violate § 3553(a)(6) and the district court did not err by refusing [the defendant's] fast-tracking argument." *Hernandez-Fierros* is dispositive of this issue, and the district court's refusal to sentence Contreras as if fast-track sentencing were available in Kentucky did not render the sentence unreasonable.

Contreras argues that the district court improperly declined to depart downward from a criminal history category V to a category IV. This claim also fails. The record indicates that the

district court was aware of its authority to depart downward but declined to do so. We lack jurisdiction to review the district court's refusal to grant Contreras's motion for a downward departure. *See United States v. Puckett*, 422 F.3d 340, 345 (2005).

The record of Contreras's sentencing proceedings demonstrates that the district court considered the relevant sentencing factors and the advisory guidelines range as well as Contreras's request that he be sentenced as if fast-track sentencing were available and his request for a downward departure. The sentence imposed is within the applicable guidelines range – indeed, it is at the bottom of that range – and Contreras has not rebutted the presumption that the sentence is reasonable.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.