**NOT RECOMMENDED FOR PUBLICATION**
File Name: 07a0226n.06
Filed: March 28, 2007

**No. 06-1063**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JUAN JOSE RUIZ-CHAVEZ, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, GIBBONS, and ROGERS, Circuit Judges.

**PER CURIAM**. Defendant Juan Jose Ruiz-Chavez appeals the imposition of his seventy-eight month sentence. He raises issues concerning disparities between his sentence and sentences in "fast-track" districts, the reasonableness of his sentence, and whether the district court sufficiently articulated the 18 U.S.C. § 3553(a) factors relevant to his case. For the reasons set forth below, we AFFIRM.

**I.**

In October 2003, Ruiz-Chavez pled guilty to illegally reentering the United States following deportation for an aggravated felony conviction, 8 U.S.C. § 1326. Ruiz-Chavez appealed his seventy-eight month sentence on the ground that it violated the Eighth Amendment. We rejected the Eighth Amendment claim but remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).

The Presentence Report ("PSR") for the re-sentencing noted that Ruiz-Chavez had been convicted six times since 1990, warranting a criminal history category of V. The PSR calculated Ruiz-Chavez's base offense level at eight, but recommended a sixteen-level enhancement because he had previously been deported for a crime of violence. It also recommended a three-level reduction for acceptance of responsibility. The PSR established the sentence range from seventy to eighty-seven months incarceration. The district court accepted the PSR's calculation, dismissed Ruiz-Chavez's fast-track argument, and imposed a seventy-eight month sentence. The district court noted that it did not find that any of the § 3553(a) factors warranted a departure from the Guidelines.

## II.

Ruiz-Chavez contends that his sentence was unreasonable in light of similarly-situated defendants in fast-track districts who enter a plea bargain with the government and forfeit their right to appeal in exchange for a maximum four-level sentence reduction. However, we have already rejected the fast-track argument on the ground that fast-track sentence reductions were "specifically authorized by statute due the unique and pressing problems related to immigration in certain districts" and therefore any "disparity does not run counter to § 3553(a)'s instruction to avoid unnecessary sentencing disparities." *United States v. Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir. 2006). To the extent that fast-track programs have been implemented in districts

No. 06-1063
United States v. Ruiz-Chavez

not overwhelmed by immigration dockets, Ruiz-Chavez is not similarly situated to fast-track

defendants because he retained his right to appeal.[1]

Ruiz-Chavez further contends that the district court erred by failing to articulate why the

§ 3553(a) reasons he set forth did not warrant a departure from the Guidelines range. Our review

is limited to plain error as Ruiz-Chavez failed to raise this objection before the district court. *See*

*United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). Here, the district court clearly set

forth its approach to sentencing.[2] It went on to explicitly reject the fast-track argument and also

stated it had considered the other § 3553(a) factors relevant to this case. However, the district

court was not persuaded to depart from the Guidelines range, noting that Ruiz-Chavez's case was

"within the heartland of cases of this type." Contrary to Ruiz-Chavez's assertion otherwise, the

district court was not required to explain why it was rejecting variance under each of the §

3553(a) factors. *See United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006) ("The court

need not recite [the § 3553(a)] factors but must articulate its reasoning in deciding to impose a

sentence in order to allow for reasonable appellate review.") (citation and quotation marks

---

[1] For the same reason, Ruiz-Chavez's Equal Protection claim based on fast-track program disparities also fails.

[2] The district court stated:
> I begin by looking at a correctly calculated guideline range. It's a beginning point . . . . I do that recognizing that the guidelines . . . are only recommendatory. . . . I also want to consider the other factors listed in [§ 3553(a)(1) - (7)] and listen to the parties' arguments with respect to whether any of those factors may persuade the Court that . . . some sentence outside of that range . . . would be a more appropriate sentence.

No. 06-1063
United States v. Ruiz-Chavez

omitted).  Accordingly, Ruiz-Chavez's seventy-eight month sentence was reasonable.  *See id.* at

708 (crediting a properly calculated sentence under the Guidelines with a rebuttable presumption

of reasonableness).

**AFFIRMED.**