NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0120n.06
Filed: February 27, 2008

No. 06-2174

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| ARMANDO CARBALLO- | ) | MICHIGAN |
| ARGUELLES | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: **BOGGS**, Chief Circuit Judge, **KENNEDY**, Circuit Judge, and **JORDAN**,

District Judge[*]

   **LEON JORDAN**, District Judge.  This is an appeal from a sentence imposed

following the defendant's plea of guilty to illegally reentering the United States after

deportation.  The defendant argues (1) that the calculation of his criminal history

points was incorrect; (2) that he should have been given a "fast-track" departure to

avoid sentencing disparity; (3) that his prior felony should not have been used to

enhance his sentence; and (4) that the judgment incorrectly stated the term of

---

   [*]The Honorable Leon Jordan, Senior United States District Judge for the Eastern District
of Tennessee, sitting by designation.

supervised release imposed by the court. For the following reasons, we affirm the defendant's sentence, but remand for a correction of the written judgment.

**Background**

The defendant Armando Carballo-Arguelles pled guilty to an information charging him with one count of unlawful reentry after deportation following a conviction for an aggravated felony, a violation of 8 U.S.C. § 1326. Using the 2005 edition of the Sentencing Guidelines, the probation officer determined that the defendant's adjusted base offense level was 21 based on the defendant's prior conviction for a crime of violence (assault with intent to murder). With a criminal history category of VI, his guideline range was 77 to 96 months.

The defendant filed objections to the presentence report with the probation office, one of which was a claim that he should not have been assessed three criminal history points for a conviction for Malicious Destruction of Property (¶ 37 of the presentence report). The probation officer investigated the defendant's claim concerning this conviction and, relying on a letter from the Michigan Department of Corrections, determined that this conviction was not too old to be counted. The defendant apparently abandoned this argument until appeal as there is no further reference to the issue in the defendant's sentencing memorandum or the sentencing transcript.

In his sentencing memorandum and motion for a departure from the sentencing guidelines filed before sentencing, however, the defendant argued that

2

using his conviction for a crime of violence to increase both his base offense level and his criminal history was "double counting"; that he should be given the advantage of the "fast track" program used in districts where there are numerous illegal reentry cases; and that as a non-citizen he would be subjected to harsher prison conditions than other prisoners, a fact the court should consider as a basis for departure. At sentencing, the district court granted a one-level reduction in the defendant's sentence and sentenced the defendant to 70 months in prison followed by a two-year term of supervised release. The district court's sentencing opinion explained the reason for granting a small reduction – double counting of the crime of violence – and for rejecting the defendant's fast-track argument. The written judgment incorrectly stated the defendant's term of supervised release as three years.

**Analysis**

1. Criminal History Computation

On appeal, the defendant attempts to revive his argument that his February 1986 conviction for malicious destruction of property is time barred and should not count towards his criminal history score. We find that the defendant has forfeited the issue on appeal. See *United States v. Koeberlein*, 161 F.3d 946, 949 n. 2 (6th Cir. 1998) (noting that a defendant forfeits a sentencing issue if it is not raised before the sentencing judge). Thus, as conceded by the defendant, our review will be for plain error. *Id.* at 949. "To establish plain error, a defendant must show (1) that an error

3

occurred in the district court; (2) the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Abboud*, 438 F.3d 554, 583 (6th Cir. 2006). Our review of the issue leads us to conclude that there was no plain error.

Under the sentencing guidelines, a defendant is assessed three points towards his criminal history score for each prior sentence of imprisonment exceeding one year. USSG § 4A1.1(a). The guidelines further provide, in relevant part:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

USSG § 4A1.2(e)(1). The parties agree that the conduct resulting in the instant conviction occurred on August 15, 2006. Thus, any sentence of imprisonment for more than one year and one month the defendant received and/or completed before August 15, 1991, should not be counted as part of his criminal history score.

The defendant was sentenced by a Michigan court on February 28, 1986, to one-to-four years in prison for malicious destruction of property. He was paroled on October 20, 1986 and deported to Mexico. He violated his parole a year later and was returned to prison. He was paroled again on July 1, 1988, and once again deported to Mexico. While on parole the defendant committed another offense in

4

Michigan, assault with intent to murder, for which he was sentenced to eight to twenty years in prison. He was finally paroled from this offense on December 12, 2005.

The probation officer investigated the defendant's objection to counting the 1986 conviction and, upon receipt of a letter from the Michigan Department of Corrections interpreting a Michigan statute concerning eligibility for parole,[1] concluded that the 1986 conviction was still active in August 1991 because it was added to the offense committed while on parole. No change was made to the presentence report.

In this appeal the defendant argues that the one-to-four year sentence he received in 1986 had to have expired by 1990, before the fifteen-year counting period began, so he should not have had three criminal history points added for that conviction. At oral argument for the first time, the defendant argued that another

[1] The Michigan statute upon which the probation officer relied states, in relevant part, as follows:

If a prisoner other than a prisoner subject to disciplinary time is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms, less the good time and disciplinary credits allowed by statute. The maximum terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole.

Mich. Comp. Laws § 791.234(3). The Michigan Department of Corrections interprets this statute to mean that a prisoner is not eligible for discharge until the combined, minimum sentences (the paroled and new sentence) have been served.

5

Michigan statute, Mich. Comp. Laws § 768.7a, provides for the expiration of the earlier of consecutive sentences. Section 768.7a(2) states:

> If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

Mich. Comp. Laws § 768.7a(2). The defendant argued that the Michigan courts have distinguished between the term "discharge" as used in § 791.234 and "expiration" as used in § 768.7a. *See, e.g.*, *Lickfeldt v. Dep't of Corr.*, 636 N.W.2d 272 (Mich. 2001) (determining that earlier consecutive sentences "expire as they are completed, effectively moving the string along from sentence to sentence").

In opposition, the government contends that the termination date of the prior sentence is combined with a subsequent, consecutive sentence as set out in § 791.234. The defendant's conviction for assault with intent to murder was ordered to be served consecutively to the 1986 conviction because he was on parole when the assault occurred. *See* Mich. Comp. Laws § 768.7a. Since he was not discharged from these combined sentences until 2005, the government submits that the defendant correctly received three criminal history points for the 1986 conviction.

However, none of these arguments were made before the district court. Even if it could be said that assessing the three points for the 1986 conviction was error, there was no "obvious or clear" error. The uncertainty of the record is reason enough to reach this conclusion. For example, the confusing use of the terms

6

"discharge," "termination," and "expiration" in the Michigan statutes, the interpretation of these terms by the Michigan Department of Corrections and the courts, and the lack of information as to whether the time the defendant was deported would count towards his sentence, lead us to conclude that there was no plain error. This issue is without merit.

## 2. Unwarranted Sentencing Disparity

Our review of whether the district court properly denied the defendant's sentencing disparity argument is for reasonableness. *See United States v. Hernandez-Fierros*, 453 F.3d 309, 312 (6th Cir. 2006). In order to determine whether a particular sentence is reasonable, this court considers, among other things, the district court's explanation for the sentence imposed in light of the factors enumerated in 18 U.S.C. § 3553(a). *Id.*

The defendant argues that the district court erred in refusing to consider a sentence that would be consistent with defendants sentenced in districts with the fast-track program. Under the program, available only in some areas of the United States, a defendant agrees to plead guilty quickly without contesting removal from the United States in exchange for a motion from the government for up to a four-level reduction in his or her base offense level. *See id.* at 310 n.2.

We find that the district court correctly held that fast-track program does not result in an unwarranted disparity under § 3553(a). As noted by the district court, to give a defendant a sentencing reduction on this basis would give him a benefit for

7

which the government has not bargained. Further, the defendant is not similarly situated to fast-track defendants because he has not relinquished rights in exchange for the government's motion. Thus, the departures offered in some districts are explained by the need for effective functioning of a particular district court and there is no disparate treatment of individual defendants. *See id.* at 313-14. Finally, sentencing disparity is only one factor for the district court to consider in arriving at a sentence that is sufficient, but not greater than necessary. *See* 18 U.S.C. § 3553(a); *see also Hernandez-Fierros*, 453 F.3d at 313.

In this case, we find that the district court adequately considered and rejected the defendant's argument for a reduction in his sentence because fast-tracking was not available in Michigan.

### 3. Sixth Amendment Violation

Ordinarily, a constitutional challenge to a defendant's sentence is reviewed *de novo* if the defendant preserves his claim for appellate review. *See United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003). However, the defendant failed to make an objection to this alleged constitutional violation in the district court, so his challenge is reviewed for plain error. *Id.*

In this appeal, the defendant argues that there was no jury determination (or, presumably, he did not admit) that his prior aggravated felony qualified as a crime of violence, so the additional 16 levels should not have been added to his base offense level. Section 1326(b)(2) of Title 8 of the United States Code makes it an

8

offense for an alien to be found in the United States after having been removed subsequent to a conviction for an aggravated felony. The sentencing guidelines provide for a 16-level increase if the defendant's prior felony was a "crime of violence." USSG § 2L1.2(b)(1)(A). A crime of violence is defined as "murder, manslaughter, kidnapping, aggravated assault . . . or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2, comment. (n.1(B)(iii)).

At the time of his guilty plea, the defendant admitted that he had been previously convicted of an aggravated felony, which resulted in at least an 8-level increase in his base offense level under the guidelines. *See* USSG § 2L1.2(b)(1)(C). The probation officer found and the court agreed, however, that the defendant's prior aggravated felony, assault with the intent to murder, met the definition of a crime of violence as set out above. Thus, 16 levels were added to the defendant's base offense level of 8.

Much of the defendant's brief concerns the viability of the holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), where the Supreme Court held that "Congress intended to set forth a sentencing factor [aggravated felony] in subsection (b)(2) and not a separate criminal offense," and it need not be proven beyond a reasonable doubt. *Id.* at 235. We have specifically found that *Almendarez-Torres* remains good law until the Supreme Court says otherwise.

9

*United States v. Hill*, 440 F.3d 292, 299 n.3 (6th Cir. 2006). As noted above, however, the defendant admitted that he had a conviction for a prior aggravated felony, so his argument is really whether the district court erred in applying the guideline definition of "crime of violence" to his admitted aggravated felony.

In the Sixth Circuit, district courts may engage in judicial fact finding in order to arrive at a reasonable sentence as long as the guidelines are treated as advisory. *United States v. Geerken*, 506 F.3d 461, 466 (6th Cir. 2007). We find that there was no error, plain or otherwise, in identifying the defendant's prior aggravated felony as a crime of violence. "Assault with Intent to Murder" is clearly a crime of violence as defined by the guidelines, and the district court's adoption of the probation officer's recommendation was reasonable.

### 4. Judgment Error

At the time of sentencing, the district court sentenced the defendant to a two-year term of supervised release, but the written judgment states that the defendant's term of supervised release is three years. In its brief, the government concedes that the judgment should be corrected because where there are conflicting sentencing pronouncements, the oral sentence generally controls. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). Therefore, this criminal case will be remanded to the district court for a correction of the written judgment to reflect the oral sentence.

10

We **AFFIRM** the defendant's sentence, but remand for a correction of the written judgment.