**File Name: 09a0177n.06**
**Filed: March 4, 2009**
**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 07-5153**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CARLOS ALBERTO BERNAL-ALCOCER, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**Before: RYAN, GIBBONS, and SUTTON, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Carlos Alberto Bernal-Alcocer appeals the forty-one month sentence imposed by the United States District Court for the Western District of Tennessee after Bernal-Alcocer's guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). Because the district court did not abuse its discretion and did not impose an unreasonable sentence within the meaning of *United States v. Booker*, 543 U.S. 220 (2005), we affirm Bernal-Alcocer's sentence.

I.

The underlying facts of this case are not in dispute. Bernal-Alcocer had one prior criminal conviction, for unlawful possession of a controlled substance with intent to distribute, in 2000.

1

Police officers recovered marijuana, a gun, and $24,500 from Bernal-Alcocer's residence on that occasion. Bernal-Alcocer was sentenced to four years in prison and served less than a year before being deported to Mexico. Bernal-Alcocer did not have any other convictions or encounters with the police until he was discovered unlawfully present in the United States on June 2, 2006.

Bernal-Alcocer was a bystander at a grocery store that was raided by the police on June 2, 2006. He was indicted by a grand jury on July 25, 2006, for one count of being present in the United States unlawfully despite a previous deportation in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). Bernal-Alcocer pled guilty to illegal reentry of a deported alien on September 27, 2006, and United States District Judge Samuel H. Mays, Jr. sentenced Bernal-Alcocer to a term of forty-one months' imprisonment followed by two years of supervised release.

During the sentencing proceedings, the district court heard from Bernal-Alcocer and his counsel, who urged a sentence shorter than the United States Sentencing Guidelines ("Guidelines") range. Bernal-Alcocer argued that a downward departure was warranted because there were no aggravating factors and because if Bernal-Alcocer had been arrested in a different state, he would have been eligible for a shorter sentence under the "fast track" provisions offered in certain other districts. The fast track procedures are only available in certain areas of the United States and authorize a downward departure of up to four levels for illegal entry defendants who agree to plead guilty and not to contest removal from the United States. *See United States v. Hernandez-Fierros*, 453 F.3d 309, 310-11 (6th Cir. 2006). Bernal-Alcocer's lawyer also noted that his client would not be eligible for early release to community confinement and certain other benefits inmates are normally eligible to receive. The government argued for a Guidelines sentence due to the absence

2

of aggravating or mitigating factors regarding Bernal-Alcocer's illegal presence in the United States.

The district court described the statutory range for an illegal entry into the United States violation as not more than twenty years' imprisonment and the Guidelines range as forty-one to fifty-one months' imprisonment. The district court next analyzed the crime, calling it "serious," and noted that Bernal-Alcocer had one prior criminal conviction, which was unlawful possession of a controlled substance. The district court examined Bernal-Alcocer's history and characteristics, stating that Bernal-Alcocer appeared to be in good health, to possess some skills and education, and to have no need for specific medical care or drug or alcohol rehabilitation. The district court stressed that "[t]here is a significant need to deter others from illegal entry," particularly those who had previously been convicted of serious crimes. The district court considered whether Bernal-Alcocer could receive some benefit from incarceration but concluded that although he may receive some vocational training, "he can probably get better training for his purposes outside a prison setting."

The district court next acknowledged the sentencing disparity caused by fast track procedures but found nothing exceptional about Bernal-Alcocer's case that should lead him to be sentenced differently because of the fast track procedures available in other districts. In sentencing Bernal-Alcocer to forty-one months' imprisonment, the district court noted:

> I think the Guidelines have addressed the issues that I have raised. They have spoken to the – to the need for a significant sentence or a serious sentence to reflect a serious crime, the crime of illegal re-entry given the prior crime. They address the criminal history, take account of the criminal history, which is 3 points. The sentence is serious enough to deter others. It is sufficient to protect the public from Mr. Bernal. I believe that the goal there is to prevent illegal entry. It is more of a goal that that, [sic] it is to prevent further crimes from Mr. Bernal. . . . So, I think a sentence of 41 months is appropriate.

Bernal-Alcocer timely appealed to this court.

3

II.

"Post-*Booker*, we review a district court's sentencing determination 'under a deferential abuse-of-discretion standard,' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 128 S. Ct. 586, 591 (2007)). Appellate review entails a two-step process. We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 128 S. Ct. at 597. *See also United States v. Penson*, 526 F.3d 331, 336 (6th Cir. 2008).

Assuming the sentence is procedurally sound, we next "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. . . . tak[ing] into account the totality of the circumstances." *United States v. Young*, 2009 U.S. App. LEXIS 1777, at *45 (6th Cir. Jan. 30, 2009) (quoting *Gall*, 128 S. Ct. at 597). "A sentence may be considered substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (internal quotation marks and brackets omitted).

A.

The first step of the procedural reasonableness inquiry is to ensure that the district court correctly calculated the Guidelines range for Bernal-Alcocer. *Bolds*, 511 F.3d at 579. In reviewing this calculation, we "review the district court's factual findings for clear error and its legal

4

conclusions *de novo*." *Id.* Bernal-Alcocer has acknowledged that the presentence investigation report "correctly arrived at an advisory guidelines range of 41-51 months' imprisonment." We find no error in the district court's calculation of the range based on Bernal-Alcocer's base offense level of eight for unlawfully entering into the United States, a sixteen point increase for his prior conviction for a felony drug trafficking offense, and a full reduction of three points for acceptance of responsibility. This total offense level of twenty-one, combined with his criminal history category of II, results in a Guidelines range of forty-one to fifty-one months' imprisonment. The district court correctly acknowledged the advisory nature of the Guidelines and its obligation to impose a sentence "sufficient but not greater than necessary" to comply with 18 U.S.C. § 3553. The district court extensively considered the § 3553(a) factors before sentencing Bernal-Alcocer to a within-Guidelines sentence of forty-one months' imprisonment.

Bernal-Alcocer argues that it was procedurally unreasonable for the district court to fail to address specifically why it disagreed with the non-Guidelines, twenty-seven month sentence proposed by Bernal-Alcocer as an appropriate alternative to a sentence within the Guidelines range. We disagree. The district court was under no obligation to describe its reasons for rejecting each argument for leniency proferred by Bernal-Alcocer. "Although Congress requires a court to give 'the reasons' for its sentence, 18 U.S.C. § 3553(c), it does not say that courts must give the reasons for rejecting any and all arguments by the parties for alternative sentences." *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (*en banc*). Moreover, although the district court did not explicitly state why it considered a twenty-seven month sentence to be inappropriate, the record makes clear that the district court thoroughly considered Bernal-Alcocer's arguments. The district court

5

recognized his prior conviction and stated that "[t]here is nothing other than his prior conviction, although his prior conviction is extremely serious, that suggest [sic] any threat from Mr. Bernal." The district court engaged in an extended conversation with Bernal-Alcocer's counsel regarding the fast track policy, ultimately concluding that there was nothing "exceptional about his case that would make [the court] go behind that policy and say that Mr. Bernal should be sentenced differently . . . because of Fast Track." The district court "properly analyzed the relevant sentencing factors," *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007), providing a straightforward and clear explanation for the sentence it gave. Bernal-Alcocer has provided nothing to suggest the district court committed any procedural errors. Therefore, we conclude that Bernal-Alcocer's sentence was procedurally reasonable.

Next, we must determine whether Bernal-Alcocer's sentence was substantively reasonable. A sentence within the applicable Guidelines range is entitled to a rebuttable presumption of reasonableness. *See id.* at 2462-63. The record reveals that the district court engaged in a thorough analysis of the § 3553(a) factors and did not consider impermissible factors. In addition, the district court did not give an unreasonable amount of weight to any individual factor or appear to select the sentence arbitrarily. Rather, the district court considered that there were not "aggravating factors" that could have justified an enhancement and that therefore, based on the totality of the circumstances, "the Guidelines have addressed the issues that I have raised." The district court's "detailed and in-depth analysis" of Bernal-Alcocer's sentence in light of all relevant sentencing factors leads us to conclude that the district court imposed a substantively reasonable sentence in this case. *See Collington*, 461 F.3d at 809.

B.

Bernal-Alcocer's final argument is that the district court erred in using Bernal-Alcocer's prior conviction to increase his sentence because a prior criminal conviction constitutes an element of the offense and must therefore be proven beyond a reasonable doubt. The Supreme Court has indeed set forth the principle that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). However, *Apprendi* recognized a "narrow exception to [this] general rule" previously announced in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which allows district courts to consider prior convictions not named in the indictment as a basis for an enhanced sentence. *Apprendi*, 530 U.S. at 490.

Bernal-Alcocer forthrightly acknowledges that *Almendarez-Torres* permits district courts to consider prior convictions to increase a defendant's sentence but "wishes to preserve this assignment of error in the event of a later change in the law from the Supreme Court." Sixth Circuit law is entirely clear that prior convictions do not need to be proven beyond a reasonable doubt to increase a defendant's sentence. *See United States v. Branch*, 537 F.3d 582, 593 (6th Cir. 2008) (noting that "[t]he Supreme Court has repeatedly held that unlike other sentence-enhancing facts, no Sixth Amendment problem arises when a district court finds the fact of a prior conviction"); *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005) (rejecting claim that *Apprendi* required the defendant's prior felony offenses to be proved to a jury). Therefore, the district court did not err in increasing Bernal-Alcocer's sentence because of his prior conviction for a felony drug trafficking offense.

7

III.

For the foregoing reasons, we affirm the sentence imposed by the district court.