**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0127n.06
Filed: February 16, 2006

**No. 05-1201**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JOSEF HOPE, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, BATCHELDER, and MOORE, Circuit Judges.

**SILER**, Circuit Judge. Defendant Josef Hope pled guilty to one count of armed bank robbery and one count of discharging a firearm during a crime of violence. Hope appeals his sentence under *United States v. Booker*, 125 S.Ct 738 (2005), arguing that it is unreasonable. For the following reasons, we affirm.

**BACKGROUND**

In 2003, Hope robbed a bank in Grand Rapids, Michigan and fired a shot into the ceiling during the robbery. He was charged with one count of armed bank robbery under 18 U.S.C. § 2113(a) and (d) and one count of discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The district court found Hope to be competent for trial, although he was diagnosed as having a "severe mental illness."

Hope pled guilty, pursuant to a plea agreement, to both charges in 2004. The Presentence Report ("PSR") recommended a 171 month sentence, which included a 10-year mandatory minimum sentence, required to run consecutively, for the § 924(c) violation and the 51-63 month Guidelines range for the § 2113 violation. At the sentencing hearing, Hope renewed his request for a downward departure due to his mental health issues. The court, while clearly giving consideration to the mental health issues, determined that other factors in the case, such as Hope's long criminal history, history of substance abuse, the violent nature of the crime, and the need to protect the public, militated against any leniency in the sentence. Ultimately, the court rejected Hope's plea for a downward departure and sentenced him to 174 months' imprisonment.

## DISCUSSION

Hope argues that his sentence is unreasonable because the district court gave insufficient consideration to his mental difficulties and the role that those difficulties played in his criminal conduct. In attempting to show this unreasonableness, he relies on two separate contentions. First, he argues that "the explanation given by the sentenc[ing] court did not satisfy the criteria set forth in" *United States v. Jackson*, 408 F.3d 301 (6th Cir. 2005). Second, he claims that the district court erred by not attaching sufficient weight to certain factors that he believes justified a mitigation of his sentence.

*Booker* held that henceforth all sentences were to be reviewed for reasonableness. 125 S.Ct. at 765. "Therefore, when a defendant challenges a district court's sentencing determination, we are instructed to determine 'whether [the] sentence was unreasonable.'" *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (citing *Booker*, 125 S.Ct. at 766). In determining reasonableness,

"[b]oth district courts in the first instance as well as appellate courts reviewing sentences on appeal are to be guided by the factors set forth in 18 U.S.C. § 3553(a)," which includes the applicable Sentencing Guidelines range as a factor. *Jackson*, 408 F.3d at 304 (citation omitted). "[W]e may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Webb*, 403 F.3d at 383 (citation and footnote omitted). Recently, we have noted that "sentences properly calculated under the Guidelines" should be credited with a "rebuttable presumption of reasonableness." *United States v. Williams*, --- F.3d ---, 2006 WL 224067, at *1 (6th Cir. January 31, 2006).

## A. Procedural Unreasonableness

Hope first argues that his sentence is unreasonable because the district court failed to provide the requisite analysis as required under *Jackson*. In *Jackson*, the district court provided a list of the various characteristics of the defendant that it considered in granting a downward departure during sentencing, but failed to include any reference to the applicable Guidelines provisions or any accompanying analysis. 408 F.3d at 305. We held,

> [E]ven post-*Booker*, the list provided by the district court, without any accompanying analysis, is insufficient to justify the sentence imposed, as it renders our reasonableness review impossible. Although . . . district courts [have] greater flexibility in sentencing, we nonetheless find that, pursuant to *Booker*, we as an appellate court must still have the articulation of the reasons the district court reached the sentence ultimately imposed, as required by 18 U.S.C. § 3553(c). In our view, *Booker* requires an acknowledgment of the defendant's applicable Guidelines range as well as a discussion of the reasonableness of a variation from that range.

Further, in determining the sentence, the district court must consider the advisory provisions of the Guidelines and the other factors identified in 18 U.S.C. § 3553(a).

*Id.* (citation omitted). "Such consideration, however, need not be evidenced explicitly" and a "ritual incantation" of the § 3553(a) factors has never been required. *Williams*, --- F.3d ---, 2006 WL 224067, at *2 (internal quotations and citations omitted).

Applying these principles to the case at bar, the district court recognized the relevant factors, discussed those factors as they affected Hope's sentence, and articulated the reasons for its ultimate sentence. Further, although not listing the § 3553(a) factors by name, the court explicitly considered the relevant § 3553(a) factors in its decision, including specific consideration of facts relating to § 3553(a)(1), (2), (3), (4), and (7). Given the district court's in-depth consideration of the appropriate factors and articulation of the reasoning behind its sentence, Hope has not made the showing necessary to rebut the presumption of reasonableness afforded a sentence within the Guidelines range. *See Williams*, --- F.3d ---, 2006 WL 224067, at *1.

**B. Unreasonableness of the Sentence Imposed**

Turning to the second argument, Hope asserts that the court unreasonably attached insufficient weight to certain factors justifying a mitigation in his sentence, namely his mental difficulties and the role that those difficulties played in the offense. Initially, we must determine the precise nature of Hope's challenge. There are two separate ways Hope's argument can be characterized: (1) the district court was unreasonable in its decision to not grant a downward departure based upon this evidence; or (2) in light of the highlighted information, the sentence meted out by the district court was unreasonable.

As to the first contention, this court has made clear that "the [*United States v.*] *Stewart* [306 F.3d 295 (6th Cir. 2002)] standard foreclosing review of a decision not to depart downward survived *Booker*" and all recent developments in this area. *United States v. Puckett*, 422 F.3d 340, 344-45 (6th Cir. 2005) (citing *United States v. Jones*, 417 F.3d 547, 551 n.3 (6th Cir. 2005)). "Therefore . . . we shall not review decisions of a district court not to depart downward 'unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure.'" *Id.* at 345 (quoting *Stewart*, 306 F.3d at 329). Since Hope does not contend that the district court was unaware of or misunderstood its discretion to depart downward, this claim necessarily fails.

Hope's other potential argument for the unreasonableness of the sentence has three aspects: (1) based upon the mitigation evidence of Hope's long history of mental difficulties and their connection to the crime, the district court's sentence was unreasonable; (2) any threat of potential violence was accounted for in the 10 year mandatory minimum sentence he was to receive for the firearm offense and, thus, a reliance upon that factor when issuing the sentence for the robbery count constituted "double counting" and was therefore unreasonable; and (3) the district court "put too much weight" on Hope's drug and alcohol abuse.

Despite Hope's arguments for unreasonableness, "there is no evidence in the record that the district judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent § 3553(a) factors, or giving an unreasonable amount of weight to any pertinent factors." *Webb*, 403 F.3d at 385. Hope's first objection can be dismissed because the district court considered Hope's mental state during

sentencing. Further, the court explicitly provided for mental health assessment and treatment for Hope in its sentence. *See Webb*, 403 F.3d at 385 (this court noted that a sentence ordering substance abuse and education programs for the defendant "indicates that at sentencing the district court was concerned not only with ensuring that the imposed sentence protects the public safety, but also that it meets [the defendant's] needs").

Secondly, Hope offers no authority for his double counting argument. Given the rebuttable presumption afforded a sentence within the Guidelines range, there is no apparent reason why the district court's consideration of Hope's likelihood of recidivism and danger to the public is unreasonable. *See Williams*, --- F.3d ---, 2006 WL 224067, at *1. Lastly, the district court did emphasize to Hope that he "need[ed] to get away from drugs and get away from alcohol" and, to that effect, ordered him to receive alcohol and substance abuse treatment while in prison. Consideration of a defendant's chemical dependency status is not inherently unreasonable. *See Webb*, 403 F.3d at 385 (applauding the district court for taking into account a defendant's substance abuse problems, noting that the sentence was thereby tailored to the defendant's needs). Even Hope concedes that he is "not claiming that the sentencing court was wrong to express concern about his abuse." Given that the district court considered Hope's substance abuse as one of many factors in sentencing and the *Williams* presumption, the court's sentence cannot be deemed unreasonable.

AFFIRMED.