NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0664n.06
Filed: September 6, 2007

No. 06-2364

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| LEONARDO SAAVEDRA-IBANEZ, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

BEFORE:  COLE and GRIFFIN, Circuit Judges, WATSON, District Judge[*]

**MICHAEL H. WATSON, District Judge.**  After Leonardo Saavedra-Ibanez pleaded guilty to unlawful reentry after deportation after an aggravated felony, the district court sentenced him to 46 months imprisonment.  On appeal, Saavedra-Ibanez challenges the reasonableness of the sentence.  For the following reasons, we **AFFIRM**.

## I.  BACKGROUND

On April 5, 2006, agents from the Bureau of Immigration and Customs Enforcement (hereinafter "ICE") entered an apartment in Pontiac, Michigan to serve an administrative arrest warrant on an individual, not Saavedra-Ibanez, believed to be residing at the apartment.  Saavedra-Ibanez was in the apartment at the time and identified himself to the agents as Oscar Medel-Reyes.

---

[*]The Honorable Michael H. Watson, United States District Judge, Southern District of Ohio, sitting by designation.

Saavedra-Ibanez further admitted to being a native and citizen of Mexico and to being in the United States illegally.

The ICE agents took Saavedra-Ibanez into custody, took his fingerprints, and discovered his true name. Later, the ICE agents determined Saavedra-Ibanez was convicted of an aggravated felony in 2002.

Saavedra-Ibanez's prior aggravated felony resulted from an arrest in Michigan. On July 17, 1998, Saavedra-Ibanez was driving erratically at a high rate of speed on Interstate 75 when he rear-ended another vehicle. When the other driver attempted to exit the highway, Saavedra-Ibanez followed the vehicle and struck it a second time. Two passengers in Saavedra-Ibanez's vehicle threw empty beer cans at the other vehicle. According to police reports, at some point Saavedra-Ibanez also veered his car directly into the path of a motorcyclist in an oncoming lane of traffic. Saavedra-Ibanez later crashed the vehicle and he and the two passengers fled the scene of the accident. All three were arrested shortly thereafter.

On November 7, 2002, Saavedra-Ibanez pleaded guilty in state court to two counts of felonious assault, one count of malicious destruction of property over $100.00, and one count of driving under the influence of liquor. A final order for Saavedra-Ibanez's deportation came on January 30, 2003, and he was administratively removed to Mexico on May 27, 2003. On August 19, 2003, Saavedra-Ibanez was removed to Mexico a second time at Brownsville, Texas. Sometime after August 19, 2003, Saavedra-Ibanez reentered the United States and, as mentioned above, was arrested in Pontiac, Michigan on April 5, 2006.

On April 14, 2006, Saavedra-Ibanez was charged by information with Unlawful Reentry After Deportation After An Aggravated Felony in violation of 8 U.S.C. § 1326(b)(2). On June 1, 2006, Saavedra-Ibanez, represented by counsel, pleaded guilty to the Information without a plea agreement, preserving all his appellate rights.

On August 11, 2006, a Revised Presentence Investigation Report (hereinafter "Revised PIR") was presented to the district court. The Revised PIR calculated the base offense level as 8, with a 16 level specific offense characteristic addition, pursuant to § 2L1.2(b)(1)(A) of the Guidelines, and a 3 level reduction for acceptance of responsibility, for a total offense level of 21. The Revised PIR noted Saavedra-Ibanez was convicted twice before, meriting 3 criminal history points, and placing Saavedra-Ibanez in criminal history category II. The recommended Guidelines range for an offense level of 21 and criminal history category II is 41 to 51 months.

On September 21, 2006, the district court considered the Guidelines range and the factors contained in 18 U.S.C. §3553(a) and sentenced Saavedra-Ibanez to 46 months incarceration.

## II. DISCUSSION

On appeal, Saavedra-Ibanez argues his sentence was both substantively and procedurally unreasonable. This Court reviews a criminal sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005). The district court has discretion in sentencing and a reasonableness review is the manner in which courts of appeal determine if the district court abused its discretion. *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007). In *Rita*, the United State Supreme Court held an appellate court may apply a non-binding, rebuttable presumption of reasonableness to a within-

Guidelines sentence. 127 S.Ct. at 2462-63. The reasonableness inquiry has both substantive and procedural components. *United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007).

## A.    Substantive Reasonableness

"[A] sentence may [be] substantively unreasonable where the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Jones,* 489 F.3d at 252 (quoting *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006)).

Saavedra-Ibanez advances three arguments in support of his assertion that his sentence is substantively unreasonable. First, he contends the district court failed to meaningfully consider the factors set forth in 18 U.S.C. §3553(a) and Saavedra-Ibanez's arguments pursuant to §3553(a). He also maintains the district court failed to give due consideration to his history and characteristics and the nature and circumstances of his offense. Second, Saavedra-Ibanez alleges the district court dismissed his argument that the 16-level enhancement assigned to him in addition to two criminal history points constituted double-counting and overstated the nature and severity of his criminal record. Third, Saavedra-Ibanez contends the district court dismissed his assertion that, since the fast-track option applied in other districts, but not in the Eastern District of Michigan, an unwarranted sentencing disparity resulted among defendants with similar records who have been found guilty of similar conduct. Finally, Saavedra-Ibanez maintains the district court gave undue and excessive weight to the advisory Guidelines range.

> 1.    *The Nature and Circumstances of the Offense and the History and Characteristics of Appellant*

Saavedra-Ibanez contends his sentence is substantively unreasonable because the district court did not properly consider the § 3553(a)(1) factor of the nature and circumstances of his prior offenses and the history and characteristics of the defendant. Saavedra-Ibanez asserts his prior offense was not severe enough to warrant a sentence within the Guidelines range. Further, Saavedra-Ibanez argues the district court failed to consider any relevant facts relating to his family or personal history.

The United States Supreme Court recently held a sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Rita,* 127 S.Ct. at 2468. In this matter, the district court did consider Saavedra-Ibanez's arguments concerning the nature and circumstances of his prior offense. However, it disagreed with his characterization of the prior offense and found the crime's severity warranted a punishment within the Guideline range. "My view is that the way in which this offense was committed bespeaks, essentially random acts of violence perpetrated against people who have no connection to the defendant. In other words, senseless, meaningless, random, potentially fatal violence, resulting in a felonious assault; Two [sic] counts, in fact of felonious assault." The district court further stated, "[Saavedra-Ibanez] has a record of visiting unwarranted and senseless violence on random citizens. That's probably not predatory as such, but it's certainly dangerous, and in the first instance justifies a considerably higher sentencing range in the advisory sense than would otherwise be the case."

Additionally, the district court considered Saavedra-Ibanez's current offense sufficiently serious:

> This will be the [Saavedra-Ibanez's] third deportation. He served a year in prison for the felonious assault convictions.... After that year he was deported. He came back. He was administratively deported again within the same year, within months of his return, in Brownsville, Texas. And now he's been found having come back yet again.
>
> He's served time in jail. He's been deported. He re-entered and was deported again. He re-entered. Now he's been found and he is being prosecuted, I think, justifiably for this. He has not learned his lessons.

Further, the district court noted Saavedra-Ibanez's "pattern or behavior is more persuasive than [his] verbal statements."

As evidenced by the foregoing statements, the district court listened to, and considered, Saavedra-Ibanez's arguments regarding §3553(a) information. However, the district court did not find them persuasive. A district court properly exercises its discretion by finding certain factors more persuasive than others.

### 2.    Double Counting

Saavedra-Ibanez contends his sentence is substantively unreasonable because the district court should have given him a lesser sentence to avoid double counting his prior criminal history. The Revised PIR calculated a 16 level specific offense enhancement because Saavedra-Ibanez was previously deported after a conviction for a felony which was a "crime of violence," pursuant to § 2L1.2(b)(1)(A) of the Guidelines. In addition, the Revised PIR considered Saavedra-Ibanez's prior felony conviction in determining he was in criminal history category II.

Saavedra-Ibanez argues this double counting unreasonably increased his Guideline range sevenfold. He contends this dramatic increase overstates the nature and severity of his criminal record, diminishes the district court's ability to differentiate between defendants such as himself and

more violent or serious offenders, and is therefore, unreasonable as it does not conform with the §

3553(a) factors. Saavedra-Ibanez contends the district court failed to meaningfully consider the

argument by not addressing the disparity between defendants convicted of far more serious offenses

who likewise receive a 16-level enhancement. Saavedra-Ibanez asserts this disparate impact creates

sentencing similarities between defendants who have dramatically different criminal histories and

therefore does not comport with §3553(a)(6) or (a)(2)(A).

In *United States v. Hernandez-Fierros*, 453 F.3d 309 (6th Cir. 2006), this Court held double

counting is permissible. In *Hernandez-Fierros*, the appellant was charged with a violation of 8

U.S.C. § 1326(a) and (b)(2). *Id*. at 310. He challenged the Guidelines as unreasonable because he

received a 12 level enhancement and two criminal history points for the same prior offense. *Id.* at

312. In reaching the conclusion the Guidelines were not unreasonable, the *Hernandez-Fierros* court

noted that Application Note 6 to § 2L1.2 specifically states a conviction "taken into account under

subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal

history points." *Id*. Thus, the Sentencing Commission must have considered this kind of double

counting and concluded it was permissible. *Id.* at 312–13.

First, Saavedra-Ibanez 's acceptance without objection at sentencing of the

Guidelines range calculation required his acceptance of the double-counting. Thus, he waived this

argument for appeal.

In the event the issue is not waived, the district court considered the issue. It specifically

referred to *Hernandez-Fierros* and Note 6. Moreover, the district court further considered Saavedra-

Ibanez's argument in terms of §3553(a) by stating "I am not persuaded that any lesser degree of

punishment is needed in order to provide just punishment." Further, as discussed above, the district court discussed in detail the circumstances of Saavedra-Ibanez's case which affected the just punishment provision of §3553(a). As such, the district court's double counting of Saavedra-Ibanez's prior offense was appropriate.

3.      *Fast Track Disparity*

In 2003, Congress sanctioned the use of fast track programs which offer a 4 level downward departure from the Guidelines to defendants who enter a plea agreement and waive certain rights. *Hernandez-Fierros,* 453 F.3d at 313. District courts can implement this fast track program only when "the resources of a district would otherwise be significantly strained by the large volume of a particular category of cases." *Id.* The Eastern District of Michigan does not offer a fast track program. As such, Saavedra-Ibanez did not have the option of waiving his rights in exchange for a 4 level sentence reduction.

Saavedra-Ibanez contends his sentence is substantively unreasonable because the district court failed to allow him a downward departure in light of the resulting fast track disparity between districts. He argues by not granting a downward departure based on this fast track disparity, the district court violated § 3553(a)(6), which instructs a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

This argument was presented in *Hernandez-Fierros*, which held any fast track disparity between districts is not unwarranted, because this disparity was specifically authorized by statute and

serves a legitimate government purpose.[1] 453 F.3d at 314.  Additionally, all of the § 3553(a) factors should be balanced and "the need to avoid sentencing disparity is only one of the factors that a district court should consider in determining an appropriate sentence." *Id.*

In the instant case, the district court addressed Saavedra-Ibanez's argument concerning the fast track disparity.  The district court found the disparity was not unwarranted, and therefore the § 3553(a)(6) factor of avoiding "unwarranted sentence disparities" did not justify a downward departure from the Guidelines.  Moreover, the district court considered and weighed Saavedra-Ibanez's disparity argument against the other factors set forth in §3553(a).  The district court decided not to exercise its discretion in the manner in which Saavedra-Ibanez sought.

### 4.  *Undue and Excessive Weight to the Advisory Guidelines Range*

As mentioned above, there is no basis to find the district court failed to consider the factors set out in § 3553(a). The district court considered Saavedra-Ibanez's arguments, discussed in detail the §3553(a) factors and how they affected his sentence, and disagreed with his arguments.  It did not give undue or excessive weight to the Guidelines range.

### B.  Procedural Reasonableness

While Saavedra-Ibanez contends the sentence was procedurally unreasonable in the standard of review section of his brief, he fails to set forth any argument on the issue.  Nevertheless, Sixth Circuit jurisprudence requires both substantive and procedural reasonableness be considered in

---

[1]Other Circuit Courts have also declined giving downward departures from the Guidelines in response to a fast track disparity.  *See United States v. Perez-Pena*, 453 F.3d 236 (4th Cir. 2006); *United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006); *United States v. Martinez-Martinez*, 442 F.3d 539, 542-43 (7th Cir. 2006); *United States v. Jimenez-Beltre*, 440 F.3d 514, 519 (1st Cir. 2006)(en banc); *United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir. 2006).

determining the overall reasonableness of a sentence. *United State v. Liou,* 2007 U.S. App. LEXIS 17232, at *3 (6th Cir. July 20, 2007).

A sentence may be procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. §3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Ferguson,* 456 F.3d at 664 (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). This procedural requirement is satisfied by a sentencing judge "set[ting] forth enough to satisfy the appellate court that he...considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." *Rita*, 127 S.Ct. at 2468. While the amount of required reasoning varies based upon context, this Court has never required a "ritualistic incantation" of the §3553(a) factors. *United States v. McBride*, 434 F.3d 470, 474 (6th Cir. 2006).

At the sentencing hearing, there was no objection to the calculated Guidelines range. Moreover, the district court noted the advisory nature of the Guidelines range. The district court acknowledged Saavedra-Ibanez's arguments with respect to the § 3553(a) factors. Further, the district court set forth sufficient analysis to demonstrate it considered Saavedra-Ibanez's arguments. Moreover, as discussed above, the district court provided a reasoned basis for the exercise of its legal decisionmaking authority.

### III. CONCLUSION

For these reasons, we **AFFIRM** the sentence imposed by the district court.