NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0705n.06

No. 10-1293

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Nov 15, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| RANULFO LUNA RUIZ, | ) | District of Michigan |
| | ) | |
| Defendant-Appellant. | ) | |

Before:    BOGGS, COLE, and CLAY, Circuit Judges.

BOGGS, Circuit Judge. Ranulfo Luna-Ruiz is a 34-year-old citizen of Mexico who pleaded guilty to a violation of 8 U.S.C. § 1326(a), being present in the United States after a prior removal. The district court sentenced Luna-Ruiz to 18 months in custody, six months above the top of the Guidelines range. We affirm.

I

The underlying charge arose out of Luna-Ruiz's return to the United States after being deported in late 2008. However, Luna-Ruiz has a long, mostly unprosecuted, history of violating immigration laws.

Luna-Ruiz was first deported from this country on April 23, 2003, after he was apprehended by the United States Border Patrol near the California-Mexico border. At the time, he was leading four other persons across the border illegally.

On thirteen separate occasions between January 25, 2003, and March 29, 2006, Luna-Ruiz was intercepted at the border and returned to Mexico without being charged with any crime. Despite this long record of unsuccessful border crossing, Luna-Ruiz managed to enter this country without authorization on multiple occasions, as evidenced by his extensive arrest record in the United States.

On July 31, 2004, Luna-Ruiz was stopped by police in White Plains, New York and was charged with driving while intoxicated. After Luna-Ruiz failed to appear, a bench warrant was issued in 2005, and Luna-Ruiz was arrested on March 28, 2008. He admitted to having consumed twelve beers before driving the vehicle and pleaded guilty to a reduced charge of driving while impaired.

On March 25, 2008, Luna-Ruiz assaulted his brother-in-law in White Plains, New York. Three months later, again in White Plains, he assaulted his 12-year-old sister, who reported to school limping and with bruises on her legs. Luna-Ruiz pleaded guilty to these misdemeanor offenses and spent 90 days in jail. Upon his release on September 27, 2008, Luna-Ruiz was deported to Mexico for a second time.

Ever persistent, Luna-Ruiz again returned to the United States and was arrested within a year of his deportation, this time in Michigan on September 19, 2009, for forgery and counterfeiting. On October 9, 2009, he was turned over to immigration authorities and was charged with illegal reentry under 8 U.S.C. § 1326(a).

The district court accepted his guilty plea on November 30, 2009. Based on the crime, which had an adjusted offense level of 6, and Luna-Ruiz's criminal history category of IV, the Guidelines provided a recommended sentence of between 6 and 12 months in prison.

At the March 1, 2010, sentencing hearing, the district judge sentenced Luna-Ruiz to 18 months in custody, reasoning that, in light of his multiple uncharged illegal entries, his was not a heartland case and a longer sentence was appropriate.

Luna-Ruiz filed this timely appeal and argues that the district court's above-Guidelines sentence is both procedurally and substantively unreasonable. This court has jurisdiction to review Luna-Ruiz's sentence pursuant to 18 U.S.C. § 3742(a).

II

This court reviews a district court's sentence for an abuse of discretion. *United States v. Barahona-Montenegreo*, 565 F.3d 980, 983 (6th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 49 (2007) ("[T]he abuse-of-discretion standard of review applies to appellate review of all sentencing decisions–whether inside or outside the Guidelines range.")).

The court must first consider whether the sentence is procedurally reasonable. *Ibid*. The goal of procedural review is to ensure that the sentencing judge "has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Procedural review involves a three-factor analysis: (1) whether the court properly calculated the Guidelines range; (2) whether the court considered the § 3553(a) factors and the parties' arguments; and (3) whether the court adequately explained why it imposed the chosen sentence. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). Although the district court must consider the § 3553(a) factors, it need not explicitly reference each factor. *United States v. Hernandez-Fierros*, 453 F.3d 309, 312 (6th Cir. 2006). Rather, the court must "make an individualized assessment based on the facts presented and . . . discuss all relevant statutory factors

to facilitate reasonable appellate review." *United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009) (internal quotations omitted).

To help ensure that the district court has the opportunity to consider all relevant factors and arguments at the sentencing hearing, the district court is required to "ask the parties whether they have any objections to the sentence just announced that have not previously been raised." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). If a defendant fails to raise an argument either in response to the *Bostic* question or otherwise prior to the imposition of the sentence, then that argument is reviewed on appeal for plain error, not reasonableness. *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). To prove plain error, a defendant must show an obvious error that affected his substantial rights and "affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner* at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). In order to preserve reasonableness review of a particular argument, the objection must be made with sufficient specificity to give the district court an opportunity to correct the error. *United States v. Simmons*, 587 F.3d at 358 (holding that a general "object[ion] to the procedural, substantive aspects" is insufficient to preserve a specific procedural argument for reasonableness review).

If the sentence survives procedural reasonableness review, then the court reviews the sentence for substantive reasonableness. *Barahona-Montenegro*, 565 F.3d at 983. Substantive review requires that the court "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. at 51. If the sentencing judge imposed an above-Guidelines sentence, the justification must be "sufficiently

compelling to support the degree of the variance." *Id*. at 50. However, due deference must be given to the sentencing judge's decision, and the fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Id.* at 51.

III

Luna-Ruiz argues that his sentence is procedurally unreasonable because the district court speculated as to his risk of recidivism and failed to consider § 3553(a) factors that pointed towards a lower sentence. However, in response to the district court's *Bostic* question, Luna-Ruiz's attorney objected only to "the Court's decision to vary above the guideline range."

We hold that Luna-Ruiz's generic objection to the *substance* of the sentence was insufficient to give the district court an opportunity to correct any potential *procedural* error. *Simmons*, 587 F.3d at 358; *United States v. Harmon*, 607 F.3d 233, 238 (6th Cir. 2010) ("Because counsel's response to the *Bostic* question was too vague to give the district court an opportunity to correct its purported procedural errors, we conclude that a plain-error standard of review applies to Harmon's procedural reasonableness arguments."). By objecting to only the end result, Luna-Ruiz gave the district judge no indication of any possible procedural oversight, let alone an indication with the degree of specificity required to preserve reasonableness review. *Bostic*, 371 F.3d at 871 ("A party must object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection.") (quoting *United States v. LeBlanc*, 612 F.2d 1012, 1014 (6th Cir. 1980)) (internal quotations omitted). Luna-Ruiz correctly notes that he objected to the upward variance, and while that objection alerted the sentencing judge to the fact that he was unhappy with the substantive result, thereby preserving his substantive arguments, it did not even allude to any of

the procedural arguments he makes here. Because Luna-Ruiz did not alert the judge to these alleged procedural infirmities, which, as contemplated by *Bostic*, would have given the judge the opportunity to address and cure them, his procedural claims are subject to plain-error review.

Luna-Ruiz raises two additional arguments as to why reasonableness review should apply to his procedural claims. Neither of these arguments is convincing.

First, Luna-Ruiz contends that his procedural claims are at the crossroads of substance and procedure, and as a result, they should be reviewed for reasonableness, notwithstanding his failure to object. Reply Br. of Defendant-Appellant at 1, *United States v. Herrera-Zuniga*, 571 F.3d 568, 579 (6th Cir. 2009) (noting confusion as to whether a district court's misunderstanding of its "authority to categorically reject the base offense level" prescribed by the Guidelines is a substantive or procedural defect). In *Herrera-Zuniga*, the court applied plain-error review to the defendant's claim that the sentencing judge miscalculated the Guidelines range, but not to his claim that the court misunderstood its authority. 571 F.3d at 579. The court reasoned that, because the sentencing judge would not have cured this misunderstanding of the law "on the spot," the purposes of requiring an objection would not be furthered by applying plain error review. *Id*. at 581 n.7. Luna-Ruiz does not, however, argue that the district court misunderstood its authority to depart from the Guidelines. As such, *Herrera-Zuniga* does not control this case. Nor could its reasoning be extended to reach this situation, as Luna-Ruiz does not argue that the judge had a misunderstanding of the law that could not have been corrected at the hearing, but rather that the judge insufficiently considered the facts. These are standard procedural claims, some of which were raised in *Vonner* itself. *Vonner*, 516 F.3d at 388 (addressing defendant's claim that the sentencing judge failed to analyze his arguments for

a lower sentence). If Luna-Ruiz's run-of-the-mill procedural claims overlap with the substance of the decision, then so do all procedural claims, rendering the requirements of *Bostic* and its progeny nugatory. *See Simmons*, 587 F.3d at 357 (expressing concern that *Bostic* could become "a meaningless formality whereby certain magic words are uttered and any new claim may be raised on appeal without consequence").

Second, Luna-Ruiz argues that an objection was unnecessary because it would have been fruitless. Reply Br. of Defendant-Appellant at 2, *United States v. Wolfe*, 71 F.3d 611, 614 (6th Cir. 1995) (holding that de novo review applies to denial of allocution claims because an objection is unlikely to result in an effective cure). Here, Luna-Ruiz argues that an objection to a district court's failure to consider a factor is unlikely to result in the court changing its mind, and as a result, an objection should not be necessary. However, the appropriate inquiry in procedural review is whether the district court considered all of the relevant factors and provided reasoning that an appellate court can review. *Rita v. United States*, 551 U.S. at 356. Even if a district court is unlikely to change its mind about the sentence it imposes, if it is made aware of a factor that it did not consider, it will have an opportunity to fully consider and explain that factor, which is the touchstone of procedural reasonableness review. Luna-Ruiz's speculation as to the likelihood of a different *substantive* result does not speak to the purpose of the requirement of raising a *procedural* objection. Further, there is no stopping point to Luna-Ruiz's argument. If an objection would be fruitless in this case, it would be fruitless in virtually all sentencing cases, which again flies in the face of *Bostic* and *Vonner*, decisions that are binding here.

Steps one and three of this court's procedural reasonableness analysis are not at issue in this appeal. Luna-Ruiz does not argue that the court improperly calculated the Guidelines range, nor does he argue that the court insufficiently explained its reasons for imposing its chosen sentence. Rather, Luna-Ruiz objects only to the court's contemplation of the likelihood of recidivism and the lack of full consideration of the § 3553(a) factors. These arguments speak only to the second factor in the procedural reasonableness analysis, whether the judge considered the factors and the parties' arguments. *United States v. Bolds*, 511 F.3d at 581.

The record indicates that the sentencing judge considered every relevant § 3553(a) factor, most of them explicitly. The sentencing judge explicitly considered "the nature and circumstances of the offense" and "the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The judge explicitly considered the "need to promote respect for the law," the need "to provide punishment," and "the seriousness of the offense." *See* 18 U.S.C. § 3553(a)(2)(A). The judge also considered the need to deter Luna-Ruiz from reentering this country and the possibility of providing him with educational, correctional, or medical treatment. *See* 18 U.S.C. §§ 3553(a)(2)(B), (D). Indeed, Luna-Ruiz does not point to a factor that the judge did not consider, but rather argues that the judge failed to consider adequately the facts that pointed towards a lesser sentence, specifically that Luna-Ruiz is unlikely to again illegally reenter the United States because his family has moved back to Mexico, that he owns a house in Mexico, and that his eyesight is failing, which, he argues, would hamper any future attempts to reenter the country illegally.

However, the sentencing judge explicitly considered that Luna-Ruiz's family and house are in Mexico, concluding that those connections may be insufficient to keep him in Mexico. And even

though Luna-Ruiz did not raise any eyesight issues during his allocution, because the judge requested medical treatment for Luna-Ruiz for his diabetes, the judge can be presumed to have fully considered his medical problems as well. Luna-Ruiz argues that the judge "brushed over" these facts in one sentence, but this hardly establishes plain error, even to the extent that it is true. *Simmons*, 587 F.3d at 363 (holding that defendant's argument that the district court failed to fully explain its consideration of the factors "does not demonstrate [defendant's] sentencing was marked by 'significant procedural error,' constituting plain error, such that a remand is necessary.") (quoting *Gall*, 552 U.S. at 51)). Here, the record clearly reflects that the judge considered the facts that Luna-Ruiz now points to. That the judge did not reach the conclusion that Luna-Ruiz desired is not unreasonable–and is certainly not plain error–particularly in light of his repeated illegal entries into the United States.

Similarly, the court's concern that Luna-Ruiz, after being deported twice–the second time less than one year before his arrest in Michigan–and otherwise sent back over the border an additional thirteen times, might once again attempt to illegally enter the United States simply does not rise to the level of a serious error that "affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386. Nor, had Luna-Ruiz properly preserved his procedural claims, would the judge's contemplation of recidivism be problematic under reasonableness review. This court has upheld similar concerns with recidivism as reasonable when the defendant illegally entered the country four times in less than eight years. *United States v. Tristan-Madrigal*, 601 F.3d 629, 634-35 (6th Cir. 2010). Here, Luna-Ruiz illegally entered the

United States at least *seventeen* times in less than seven years.[1]  Any argument that the judge

unreasonably speculated as to Luna-Ruiz's risk of recidivism is, in light of his extensive record as

a serial law-breaker, simply wrong.

IV

Luna-Ruiz also claims that his sentence is substantively unreasonable.  First, he argues that

a within-Guidelines sentence would have been sufficient to serve the purposes of sentencing.  Br.

of Defendant-Appellant at 13-14, *United States v. Ortega-Rogel*, 281 F. App'x 471, 74 (6th Cir.

2008) (holding an above-Guidelines illegal reentry sentence to be substantively unreasonable where

the defendant had a minimal prior criminal history and had only recently become involved with

illegal activity).  Luna-Ruiz concedes that he has a more serious criminal history (category IV) than

the defendant in *Ortega-Rogel* (category I), but argues that the Guidelines reflect his more extensive

criminal history.  However, although the Guidelines reflect the crimes that Luna-Ruiz was convicted

of, they notably do not reflect his many uncharged illegal entries.  Accordingly, the sentencing judge

concluded that the number of times Luna-Ruiz had illegally entered the country made his case an

atypical one, and as a result, "the guidelines are [not] properly reflective of the statutory factors."

Luna-Ruiz presents no argument or authority that undermines this conclusion.  In his reply

brief, Luna-Ruiz cites two unpublished cases in which this court upheld two illegal reentry sentences

---

[1]Luna-Ruiz was intercepted at the border 13 times between January 2003 and March 2006. In between two of these interceptions, he was arrested in New York, indicating an *additional* entry, which was not intercepted.  He was also deported once in 2003 and once in 2008, indicating two more entries that were not intercepted.  And, of course, he came back after the last deportation, constituting a minimum of 17 illegal entries.

that were within the Guidelines. Reply Br. of Defendant-Appellant at 7-8, *United States v. Arias-Arrazola*, 254 F. App'x 500 (6th Cir. 2007) (upholding a within-Guidelines sentence where defendant had been previously deported four times); *United States v. Saavedra-Ibanez*, 247 F. App'x 724 (6th Cir. 2007) (upholding a within-Guidelines sentence where defendant had been previously deported two times).

These cases are indicative of the weakness of Luna-Ruiz's substantive objection. First, they are not cases in which this court reversed above-Guidelines sentences, which would be helpful to our inquiry. Rather, they are cases in which this court upheld within-Guidelines sentences, which is not enlightening. Because this court reviews sentences only for an abuse of discretion, it must frequently uphold sentences that it would have decided differently, particularly when the sentence is within the Guidelines range. *See Harmon*, 607 F.3d at 240 ("A within-Guidelines sentence is entitled to a rebuttable presumption of reasonableness."). Thus, that the court upheld within-Guidelines sentences does not speak to the question of whether it would have reversed above-Guidelines sentences on the very same facts. As such, the cases do not affect our inquiry here. Second, these cases do not involve defendants whose record of illegal entries even approaches that of Luna-Ruiz. Luna-Ruiz cites no case in which a defendant so routinely violated this country's immigration laws.

Significantly, this circuit has upheld above-Guidelines sentences for defendants with far fewer illegal entries than Luna-Ruiz. In *United States v. Caserez*, where the defendant had been previously deported three times and the Guidelines did not reflect those illegal entries, this court upheld a sentence of 42 months, far above the Guidelines range of 15 to 21 months. 225 F.3d 660

(table), 2000 WL 1033024, at *1-2 (6th Cir. July 18, 2000). And in *Tristan-Madrigal*, where the defendant had three prior illegal reentries, this court upheld a 36-month sentence, again much further above the Guidelines range of 15 to 21 months than the upward variance at issue here. 601 F.3d at 634-35.

A case that comes even closer to the facts here is *United States v. Orellana-Aleman*. 355 F. App'x 215 (10th Cir. 2009). In that case, the district judge, noting the defendant's ten prior unprosecuted illegal entries, sentenced the defendant to 24 months in custody, far above the Guidelines range of one to seven months. *Id*. at 215-16. Yet the Tenth Circuit upheld the above-Guidelines sentence, noting that the defendant's history was more than sufficient to justify the departure. *Id*. at 222.

In comparison to these cases, the sentencing judge's decision to vary above the top of the Guidelines range by only six months appears merciful, and certainly not an abuse of discretion. Luna-Ruiz's sixteen prior unprosecuted illegal entries provided more than enough justification for the judge's decision to exceed the Guidelines range by six months, and as a result, the sentence was substantively reasonable. *See Gall*, 552 U.S. at 51. This conclusion is particularly appropriate in light of this circuit's prior holdings that an upward departure, let alone a variance, is "expressly encouraged" when the Guidelines do not adequately account for past criminal conduct. *Herrera-Zuniga*, 571 F.3d at 583 (citing *United States v. Barber*, 200 F.3d 908, 912 (6th Cir. 2000)); *Tristan-Madrigal*, 601 F.3d at 635-36 (sentencing judge has more discretion to vary than to depart from the Guidelines, and may vary instead of departing when the Guidelines do not adequately reflect the defendant's criminal history).

Finally, Luna-Ruiz points to the disparity between his sentence and the sentences permitted in a "fast-track" district to argue that his sentence is excessive. *See* U.S.S.G. §5K3.1 ("[T]he court may depart downward not more than 4 levels pusuant to an early disposition program authorized by the Attorney General . . . for the district in which the court resides."). Luna-Ruiz cites no authority to support this argument, nor could he. This court has repeatedly rejected this precise argument, noting that fast-track defendants are not similarly-situated to other defendants, and any disparity is thus not unwarranted for purposes of § 3553(a). *E.g., United States v. Hernandez-Fierros*, 453 F.3d 309, 313-14 (6th Cir. 2006); *cf. United States v. Camacho-Arellano*, 614 F.3d 244, 250 (6th Cir. 2010) (holding that a sentencing judge has the authority to grant a variance based on a fast-track disparity).

V

For the foregoing reasons, we AFFIRM the sentence of the district court.