NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0032n.06

No. 09-2079

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 13, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| CHARLES R. COPPESS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MERRITT, ROGERS, and WHITE, Circuit Judges.

ROGERS, Circuit Judge. Defendant Charles Coppess appeals from his 30-month prison sentence for conspiracy to commit securities fraud, wire fraud, and mail fraud. Pursuant to Sixth Circuit Rule 34(j), this panel unanimously determines that oral argument is not needed. Coppess argues that the district court committed error by not departing from the guidelines sentencing range based on evidence that Coppess suffered from post-traumatic stress disorder. Because Coppess failed to move for a guidelines-based departure before the district court, however, he has forfeited that claim. We therefore review Coppess's sentence only for overall reasonableness. Affirmance is required because the sentence is neither procedurally nor substantively unreasonable.

On March 25, 2009, Coppess pled guilty to conspiracy to commit securities fraud, wire fraud, and mail fraud based on his role in soliciting funds for a Ponzi scheme. He was sentenced on July 14, 2009. His PSR calculated an offense level of 21 and a criminal history category of I. This

combination led to a guidelines range of 37 to 46 months' imprisonment. The PSR and sentencing memorandum revealed that Coppess suffered from post-traumatic stress disorder ("PTSD") from his service in the Vietnam War.

Coppess did not object to the PSR in his sentencing memorandum or at his sentencing hearing. His sentencing memorandum states: "Mr. Coppess makes no objection to the report and the scoring of the provisional Sentencing Guidelines." At the hearing, his attorney stated that Coppess was "satisfied with the report," and Coppess stated that the report was reasonably accurate. Coppess's sentencing memorandum argued that it may be appropriate for the district court to sentence Coppess to a period of incarceration below the guidelines range based on the sentencing factors listed in 18 U.S.C. § 3553(a). The memorandum does not identify which § 3553(a) factors are relevant, but it does mention Coppess's PTSD and contends that, as a result of the disorder, Coppess is "passive to a fault," and that his "passive nature accounts for much of [his] behavior."

At sentencing, the Government moved for a downward departure pursuant to § 5K1.1 of the sentencing guidelines in recognition of Coppess's substantial assistance. Coppess received a two-level reduction pursuant to this motion, resulting in a guidelines range of 30 to 37 months' imprisonment. Coppess did not make a motion for either a downward departure pursuant to U.S.S.G. § 5K2.13, which states that a downward departure may be warranted if "the defendant committed the offense while suffering from a significantly reduced mental capacity," or for a downward variance pursuant to 18 U.S.C. § 3553. His counsel did reiterate to the court that Coppess suffered from PTSD, and counsel stated that he thought that fact went "a long way to explaining

much of the behavior" involved. However, Coppess's attorney did not link Coppess's PTSD to any of the § 3553 factors.

On appeal, Coppess argues that the sentencing court erred by not granting him a departure pursuant to § 5K2.13 *sua sponte*, based on record evidence of Coppess's PTSD. There is no basis in this circuit's case law for Coppess's argument that a district court's "failure" to grant a departure of its own accord is subject to appeal. In fact, our precedent clearly states that where a defendant fails to move for a departure below, he forfeits that claim. *United States v. Wheaton*, 517 F.3d 350, 370 (6th Cir. 2008). As noted in *Wheaton*, even if Coppess had sought a downward departure below, this court would lack jurisdiction to review its denial unless the record reflected that the district court wrongly believed it lacked discretion to grant such a departure. *Id.*; *see also United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005). In this case, the sentencing judge clearly understood that he could sentence Coppess below the guidelines range, but he concluded that the range established by the commission was reasonable under the circumstances of this case. Because there was no misunderstanding as to discretion, this court would lack jurisdiction to review Coppess's downward departure claim even if it were not forfeited.

Although he has forfeited his downward departure claim, that does not mean Coppess is not entitled to a review of his sentence for procedural and substantive reasonableness. *Wheaton*, 517 F.3d at 370-72. Coppess's PTSD argument can be read as a claim that the district court committed procedural error by failing to consider any § 3553(a) factors other than the applicable guidelines range. *See United States v. Ruiz*, No. 10-1293, 2010 WL 4721146, at *2 (6th Cir. Nov. 15, 2010)

(listing types of procedural sentencing challenges). However, Coppess did not raise any objection at the time of sentencing to the district court's alleged failure to consider his PTSD. When the judge asked if there were any legal objections to the sentence, Coppess's counsel responded "None, Your Honor."

Because Coppess did not object at sentencing, his claim that the district court committed procedural error by not considering his PTSD diagnosis is reviewed for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). To obtain relief under plain error review, Coppess would need to show (1) an error, (2) that was obvious or clear, (3) that affected his substantial rights, and (4) that affected the fairness, integrity or public reputation of the judicial proceedings. *United States v. Simmons*, 587 F.3d 348, 360 (6th Cir. 2010) (internal citations omitted). Coppess fails at the outset, as his claim of error is controverted by the sentencing transcript and this court's precedent.

Coppess argues that the district court "never took into consideration his diminished capacity due to his PTSD" and "failed to take his illness into consideration." Appellant's Br. at 19. This amounts to a claim that the judge failed to consider § 3553(a)(5), which directs a judge to weigh any pertinent policy statement, which could include the diminished capacity policy statement of U.S.S.G. § 5K2.13, when structuring a sentence. However, the record shows that the judge did consider Coppess's mental health issues. At the sentencing hearing, the judge recommended that "Mr. Coppess be continued in evaluation for mental health therapy that he is presently engaging in." By recommending mental health treatment during incarceration, the sentencing court acknowledged

Coppess's PTSD. *See United States v. Williams*, 333 F. App'x. 63, 71 (6th Cir. 2009) ("court obviously considered defendant's need for drug treatment" where "court recommended to the Bureau of Prisons that the defendant receive drug abuse counseling and therapy and mental health treatment while incarcerated"); *United States v. Hope*, 167 F. App'x. 531, 534 (6th Cir. 2006) (court's provision for mental health assessment and treatment showed that defendant's mental health issues were considered). Given that the sentencing judge acknowledged Coppess's PTSD, his argument that the judge "failed to take his illness into consideration" fails. Coppess's claim is therefore reduced to the contention that the judge should have reached a different conclusion as to whether the disorder merited a downward variance from the guidelines. This claim, however, is not one of procedural error.

To the extent that Coppess is arguing that his sentence is substantively unreasonable, that claim also fails. This circuit affords a presumption of reasonableness to sentences within the guidelines range, and Coppess has failed to rebut that presumption.[1] To overcome the presumption of reasonableness, Coppess would need to show that the district court selected his sentence arbitrarily, based its determination on impermissible factors, disregarded a relevant concern, or gave unreasonable weight to a § 3553(a) factor. *Simmons*, 587 F.3d at 365. The closest Coppess comes

---

[1]Technically, Coppess did not receive a guidelines-range sentence but actually received a below-guidelines sentence, because the court used a lower guidelines range based on the Government's § 5K1.1 departure motion for substantial assistance. We follow the logic of *United States v. Curry*, however, and conclude that if a sentence in the original 37-46 month range would have been afforded a presumption of reasonableness, Coppess's task of persuading this court that the more lenient 30-month sentence is unreasonably long must be at least as demanding, if not more. 536 F.3d 571, 573-74 (6th Cir. 2008).

to making such an argument is his claim that the district court disregarded evidence of his PTSD. As a claim of substantive error, this argument fails for at least two reasons. First, as already discussed, the district court acknowledged Coppess's mental health issues. Second, it is not enough for Coppess to argue that the court could have justifiably sentenced him below the guidelines range because of his illness. Rather, to overcome the presumption of reasonableness, Coppess must show that the district court was compelled to reach such a conclusion based on these facts. *See id.* at 365-66. There is no basis for concluding that the presence of some record evidence of PTSD mandates a below-guidelines sentence. Therefore, Coppess's sentence was not substantively unreasonable.

For the foregoing reasons, we affirm the sentence imposed by the district court.

**MERRITT, Circuit Judge, concurring.**   As I understand this case, the District Court sentenced the defendant well below the Guidelines because the defendant assisted the government. It departed downward at the government's request.   The defendant did not ask for any further downward departure or sentence reduction under any other name or theory.   On appeal his argument is that the court below should have granted a further "downward departure sua sponte."   The only complaint I see in defendant's appellate papers is that the District Court did not consider for sentencing purposes a reduction based on defendant's war time related mental problems.   The record is clear that the court did consider it.   We do not have the authority to further reduce the sentence on appeal under the circumstances.