**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0771n.06

No. 12-6313

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 19, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| JULIO MOLINA-PORTILLO, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS and McKEAGUE, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM.  Julio Molina-Portillo appeals the district court's judgment of conviction and sentence.

Molina-Portillo pleaded guilty to illegally reentering the United States after being deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court determined that Molina-Portillo's base offense level was eight.  The court added 16 levels under USSG § 2L1.2(b)(1)(A)(i) because Molina-Portillo was previously deported after being convicted of a felony drug-trafficking offense for which the sentence imposed exceeded 13 months.  The court subtracted two levels for acceptance of responsibility, resulting in a total offense level of 22.  Based on the total offense level of 22 and a criminal history category of III, Molina-

_____

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

Portillo's Guidelines range of imprisonment was 51 to 63 months. The district court imposed a sentence of 51 months.

On appeal, Molina-Portillo raises the following four arguments: (1) his sentence was rendered substantively unreasonable by the district court's refusal to vary downward from the Guidelines to avoid a sentencing disparity with jurisdictions that have fast-track programs for defendants convicted of illegal reentry; (2) his sentence was rendered substantively unreasonable by the district court's refusal to vary downward from the Guidelines on the basis that the offense-level enhancement under § 2L1.2(b) is excessive and irrational; (3) his criminal history category overrepresented the seriousness of his criminal history and his likelihood to recidivate; and (4) the government abused its discretion by refusing to move for an additional one-level decrease in his offense level based on his acceptance of responsibility.

We review a sentence under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). To be substantively reasonable, a sentence must be proportionate to the seriousness of the circumstances of the offense and offender and sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent sentencing factors, or gives an unreasonable amount of weight to any § 3553(a) factor. *Id.* at 510. We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Molina-Portillo first argues that his sentence was rendered substantively unreasonable by the district court's refusal to vary downward from the Guidelines to avoid a sentencing disparity with jurisdictions that have fast-track programs for defendants convicted of illegal reentry. We have categorically rejected this argument in previous cases, *see United States v. Hernandez-Fierros*, 453 F.3d 309, 313 (6th Cir. 2006), and we do so again.

Molina-Portillo next argues that his sentence was rendered substantively unreasonable by the district court's refusal to vary downward from the Guidelines on the basis that the offense-level enhancement under § 2L1.2(b) is irrational and improperly double counted his prior drug trafficking conviction, increasing both his offense level and criminal history score. Again, we have previously rejected this argument. *See id.* at 312-13. Further, the district court explicitly considered Molina-Portillo's policy arguments and rationally determined that the enhancement was appropriate, given the seriousness of the offense and Molina-Portillo's history.

Molina-Portillo next argues that his criminal history category overrepresented the seriousness of his criminal history and his likelihood to recidivate. To the extent that Molina-Portillo is arguing that the district court should have granted him a downward departure under USSG § 4A1.3(b), we cannot review the district court's decision because it recognized its discretion to grant a departure, but declined to do so. *See United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008). To the extent that Molina-Portillo is arguing that the district court should have varied downward from the Guidelines, his challenge fails because the district court reasonably declined to do so, given Molina-Portillo's numerous prior controlled-substance offenses.

Finally, Molina-Portillo argues that the government abused its discretion by refusing to move for an additional one-level decrease in his offense level under USSG § 3E1.1(b) based on his acceptance of responsibility. To prevail on this claim, Molina-Portillo must show that the government acted arbitrarily or with an unconstitutionally impermissible motive. *See United States v. Collins*, 683 F.3d 697, 704-05 (6th Cir.), *cert. denied*, 133 S. Ct. 571 (2012). He has presented no evidence demonstrating that the government had an impermissible motive for withholding the motion. Further, he has not shown that the government's decision to withhold the motion was arbitrary, given that he waited until several days before trial to plead guilty, causing the government to expend resources on trial preparation. *See id.* at 707.

Accordingly, we affirm the district court's judgment.