**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0429n.06

No. 14-3805

FILED
Jun 09, 2015
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,                       )
                                                )
    Plaintiff-Appellee,                  )
                                                )    ON APPEAL FROM THE UNITED
v.                                              )    STATES DISTRICT COURT FOR
                                                )    THE NORTHERN DISTRICT OF
SHAWN CALDWELL,                                 )    OHIO
                                                )
    Defendant-Appellant.                 )
                                                )
                                                )

BEFORE: BOGGS and BATCHELDER, Circuit Judges; HUCK, District Judge.[*]

PER CURIAM. Shawn Caldwell pleaded guilty to aiding and abetting an armed bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a) and (d), and aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). At sentencing, Caldwell objected to the government's decision to withhold a motion for an additional one-level reduction in his offense level for acceptance of responsibility pursuant to USSG § 3E1.1(b). The district court noted that it lacked the authority to grant the additional reduction absent a motion by the government and determined that the government's decision to withhold a motion was not arbitrary or for any improper motive. The district court calculated Caldwell's advisory guidelines range as 292 to 365 months of imprisonment under the career-offender guideline, USSG § 4B1.1. After considering the

---

[*] The Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Caldwell to consecutive terms of 208 months for the robbery conviction and 84 months for the firearm conviction, for a total of 292 months of imprisonment. Caldwell now challenges that within-guidelines sentence.

Caldwell first argues that the government arbitrarily refused to move for an additional one-level reduction in his offense level under USSG § 3E1.1(b). Section 3E1.1(a) provides for a two-level reduction in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility." Under § 3E1.1(b), the defendant may receive an additional one-level reduction only if the government makes a motion "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently." We "review the government's decision to withhold a § 3E1.1(b) motion only to determine whether the government acted arbitrarily or with an unconstitutional motive," meaning that the "decision must bear a rational relation to a legitimate government end and must not be based on factors such as religion, sex, or race." *United States v. Collins*, 683 F.3d 697, 705, 707 (6th Cir. 2012).

In its sentencing memorandum, the government asserted that the decision to withhold a § 3E1.1(b) motion was based on Caldwell's failure to provide timely notice of his intent to enter a guilty plea. The district court's trial order required plea negotiations to be completed by the pretrial conference on April 8, 2014. Three days after the pretrial conference, on April 11, 2014, the district court entered a notice setting a change of plea hearing, the defendant now having offered to change his plea. By that time, the government stated, it had already expended significant resources in preparing for trial, including interviewing trial witnesses, preparing trial

exhibits, making arrangements for in-custody and out-of-state witnesses to appear for trial, and preparing and filing trial documents in the event a guilty plea was not entered. This court has recognized that the government's interests "in avoiding trial preparation and in the efficient allocation of government resources . . . are legitimate government interests that justify the withholding of a § 3E1.1(b) motion." *Collins*, 683 F.3d at 707. There is no evidence to support Caldwell's argument that the government applied a bright-line rule of withholding a § 3E1.1(b) motion to defendants who enter a guilty plea any time after the final pretrial conference. Indeed, at sentencing, defense counsel asserted to the contrary that the government had made a § 3E1.1(b) motion for a defendant who pleaded guilty on the day of trial. Caldwell has failed to show that the government acted arbitrarily. *See United States v. Molina-Portillo*, 534 F. App'x 443, 445 (6th Cir. 2013); *Collins*, 683 F.3d at 707.

Caldwell next contends that his sentence was procedurally unreasonable because the district court failed to make any meaningful inquiry to determine whether the government arbitrarily withheld a § 3E1.1(b) motion. Because Caldwell did not object to the adequacy of the district court's inquiry, we review for plain error. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). The district court acknowledged its lack of authority to grant the additional one-level reduction absent the government's motion but went on to address whether the government acted arbitrarily in withholding a § 3E1.1(b) motion. The district court determined that the government's decision was not arbitrary, considering that the trial order required any guilty plea to be entered no later than the pretrial conference, that Caldwell gave notice of his intent to enter a guilty plea days after the pretrial conference, and that the government had been required to take steps to prepare for trial. There is no authority to support Caldwell's argument that the district court should have required the government to demonstrate

its actual expenditures. The government's trial preparation was apparent given that it had already filed a trial brief and exhibit list when Caldwell gave notice of his intent to enter a guilty plea. Caldwell has not shown that the district court erred—let alone committed plain error.

Finally, Caldwell argues that his sentence was substantively unreasonable because of (1) the government's refusal to move for an additional one-level reduction under § 3E1.1(b), (2) the career offender enhancement, and (3) the sentencing disparity between him and his co-defendants. We review the substantive reasonableness of Caldwell's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to Caldwell's within-guidelines sentence. *Vonner*, 516 F.3d at 389-90.

Caldwell has not overcome that presumption. The district court considered Caldwell's arguments about the government's decision to withhold a § 3E1.1(b) motion and determined that the decision was not arbitrary. The district court also addressed Caldwell's argument that his criminal history category substantially overrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes. After reviewing Caldwell's criminal record, the district court concluded that "[t]here's nothing in his history that would lead me to believe that he would not be a substantial risk to the community should he return" and that "a lengthy sentence is in order," given that he had "not been deterred . . . by prior court sanctions." (RE 80, Page ID # 725-26). As for Caldwell's sentencing disparity argument, the district court pointed out that he would receive a higher sentence than his co-defendants because he met the

career offender criteria. *See Conatser*, 514 F.3d at 522 ("Disparities between the sentences of coconspirators can exist for valid reasons, such as differences in criminal histories . . . ."). The government also indicated that Caldwell's co-defendants would receive the additional one-level reduction under § 3E1.1(b) because they did not require the government to engage in trial preparation. Caldwell has failed to demonstrate that the district court abused its discretion in imposing a sentence at the bottom of the guidelines range.

For the foregoing reasons, we affirm Caldwell's sentence.