**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0282n.06

Case No. 14-3805

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| SHAWN CALDWELL, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 24, 2016
DEBORAH S. HUNT, Clerk

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES.

BEFORE: BOGGS and BATCHELDER, Circuit Judges; and HUCK, District Judge.[*]

PER CURIAM. On January 24, 2014, two armed men walked into a PNC Bank branch in Euclid, Ohio, and ordered those present to "[r]emain calm and not move." One man brandished a firearm and demanded that a bank employee hand over cash that the employee was counting. The other forced a second employee at gunpoint to open a vault containing more than $39,000 in cash. After placing the money into a backpack, both men fled the scene.

Soon after the robbery, a Euclid Police Department ("EPD") officer canvassing the area noticed a gray SUV with a license plate suspiciously covered with snow. The officer stopped and approached the vehicle and obtained its license-plate number. After discovering that the

---

[*] The Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

SUV was stolen, the officer called for backup and ordered the occupants out. The SUV contained the two bank robbers, their two firearms, more than $40,000 in cash, and Shawn Caldwell. Interviews subsequently conducted by FBI and EPD detectives indicated that Caldwell had served as the robbers' look-out.

Three weeks later, a federal grand jury indicted Caldwell on one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Caldwell pleaded guilty to both counts. At a sentencing hearing, the district court determined that Caldwell had previously been convicted of two "crimes of violence" and was therefore eligible for career-offender status pursuant to USSG §4B1.1, a provision of the Sentencing Guidelines that increases the advisory sentence for many felony defendants who have two or more prior felony convictions of a "crime of violence" or a "controlled substance offense." USSG §4B1.1(a). After calculating his advisory sentencing range of 292 to 365 months of imprisonment, the district court sentenced Caldwell to consecutive terms of 208 months of imprisonment for the robbery conviction and 84 months for the firearm conviction.

On appeal, Caldwell argued that the government had arbitrarily refused to move for a one-level reduction in his offense level under USSG §3E1.1(b). He also argued that his sentence was procedurally and substantively unreasonable. We concluded that Caldwell's arguments lacked merit and affirmed his sentence. *United States v. Caldwell* (*Caldwell I*), 614 F. App'x 325, 328 (6th Cir. 2015) (per curiam).

Caldwell then filed a petition for a writ of certiorari in the Supreme Court. The Supreme Court granted Caldwell's petition, vacated our decision in *Caldwell I*, and remanded the case to this court for further consideration in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

2

*Caldwell v. United States*, 136 S. Ct. 417, 417 (2015) (mem.). As we explain, because the Court's holding in *Johnson* applies to Caldwell's case, we vacate Caldwell's judgment and remand this case to the district court for further consideration.

\* \* \*

As mentioned above, §4B1.1(a) prescribes a more severe advisory sentence for some felony defendants who have at least two prior convictions for a "crime of violence" or a "controlled substance offense." A "crime of violence" is defined at USSG §4B1.2 as any offense punishable by imprisonment for a term exceeding one year that meets one or more of three criteria. First, the crime may have as "an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* §4B1.2(a)(1). Second, the crime may be "burglary of a dwelling, arson, or extortion, [or] involv[e] use of explosives." *Id.* §4B1.2(a)(2). Third—under what is known as the "residual clause" of §4B1.2(a)(2)—the crime may "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another." *Ibid.* A nearly identical definition also appears in the text of the Armed Career Criminal Act of 1984 ("ACCA"), which provides for more severe penalties for those felons convicted of possessing a firearm who have three or more previous convictions of a "violent felony." *See* 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held that the ACCA's "residual clause" is unconstitutionally vague, in violation of the Fifth Amendment's Due Process Clause. 135 S. Ct. at 2563. Although the *Johnson* Court addressed only the ACCA's "residual clause," in *United States v. Pawlak*, \_\_\_ F.3d \_\_\_, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016), we recently held that *Johnson*'s reasoning applies with equal force to §4B1.2(a)(2)'s "residual clause," which also infringes upon the Constitution's due process guarantee. *Id.* at \*8. For this

reason, if the district court based Caldwell's §4B1.1 enhancement upon the residual clause of §4B1.2(a)(2), Caldwell must be resentenced.

The district court held that §4B1.1(a) applied to Caldwell because he had two previous convictions of a "crime of violence," namely, one Ohio conviction for third-degree attempted burglary, in violation of Ohio Revised Code § 2911.12(A)(3), and another for second-degree burglary, in violation of Ohio Revised Code § 2911.12(A)(2). But apart from stating that these two crimes are "crimes of violence," the district court did not explain its decision.

Prior to Caldwell's July 2014 sentencing hearing, we had previously observed that Ohio's crime of burglary does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See United States v. Skipper*, 552 F.3d 489, 492 (6th Cir. 2009); *see also United States v. Calloway*, 189 F. App'x 486, 489 (6th Cir. 2006). We had also indicated that burglary in Ohio is not "burglary of a dwelling" within the meaning of §4B1.2(a)(2). *Cf. United States v. Coleman*, 655 F.3d 480, 483 (6th Cir. 2011). We had, however, held that Ohio burglary did qualify as a "crime of violence" under § 4B1.2(a)(2)'s "residual clause." *See Skipper*, 552 F.3d at 493; *cf. Coleman*, 655 F.3d at 483. In this context, it appears that the district court may have relied on §4B1.2(a)(2)'s "residual clause" in computing Caldwell's advisory sentencing range, which, as *Pawlak* now makes clear, would have been error.

For this reason, we VACATE Caldwell's sentence and REMAND this case to the district court for further consideration in light of *Pawlak*.